**Russell Kent DICKINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 292–84.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 1984.

Arch C. McColl, III, S. Michael McColloch, David W. Coody, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Janice Warder and Chris Stokes, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

We granted the petition for discretionary review that was filed on behalf of Russell Kent Dickinson, appellant, in order to make the determination whether the Dallas Court of Appeals correctly rejected appellant's contention that the prosecuting attorney's jury argument, that was made at the punishment stage of the trial, that appellant had failed to express in the courtroom "remorse," "shame," or "pity" towards or for his victim was an impermissible comment on the appellant's failure to testify. See *Dickinson v. State,* 667 S.W.2d 576 (Tex. App.—Dallas 1984). Because we find that the court of appeals erroneously decided appellant's contention, we will reverse its judgment.

Appellant was convicted on a plea of not guilty by a jury of the offense of aggravated rape of a child, who the record reflects was nine years of age at the time and had an I.Q. of only 35. Thereafter, a punishment hearing was conducted, after which the jury assessed punishment at thirty (30) years' confinement in the Department of Corrections. Appellant did not testify at either stage of his trial. We have carefully examined the record to see whether at any time during the trial, when appellant was in the courtroom, he conducted himself in an unacceptable manner, but our reading of the record reflects that appellant during all of these times conducted himself in an acceptable manner.

Although we find that the facts of this case would easily shock the sensibilities of the average person, nevertheless, such did not permit the prosecuting attorney to make improper argument to the jury. In sum, a prosecuting attorney, though free to strike hard blows, is not at liberty to strike foul ones, either directly or indirectly. *Jackson v. State*, 529 S.W.2d 544, 546 (Tex.Cr.App.1975).

It is now elementary that the object and principal purpose of argument to the jury is to aid and assist it in properly analyzing the evidence and to arrive at a just and reasonable conclusion based on the evidence alone. The law provides for, and presumes a fair trial, free from improper jury argument by the prosecuting attorney. *Richardson v. State*, 158 Tex.Cr.R. 536, 257 S.W.2d 308 (1953). Improper argument on the part of the prosecuting attorney occurs when in his or her argument to the jury the prosecuting attorney violates a mandatory provision of a statute, makes a manifestly improper, harmful, or prejudicial argument, or the prosecuting attorney injects through his argument some new and harmful fact into the case. *Vineyard v. State*, 131 Tex.Cr.R. 476, 100 S.W.2d 362 (1937).

Art. 38.08, V.A.C.C.P., expressly provides that if the accused invokes his right not to testify during his trial, such shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by the prosecuting attorney. Recently, in *Brown v. State*, 617 S.W.2d 234 (Tex.Cr.App.1981), this Court stated that "the right of self-incrimination does not end with the jury finding the defendant guilty for, as Presiding Judge Onion said in *Brumfield v. State*, [445 S.W.2d 732 (Tex. Cr.App.1969)] 'The mere finding of guilt does not terminate the privilege against self-incrimination .... the privilege ceases only when liability to punishment no longer exists...'" This Court went on to hold in *Brown*, supra, that it was reversible error if the trial court, at the punishment stage of the trial, over objection, failed to give an instruction on the defendant's failure to testify at that stage of the trial. In this instance, the trial judge instructed the jury at both stages of the trial that they could not consider the appellant's failure to testify in deciding his guilt or his punishment.

This Court has often held that when a prosecuting attorney violates the provisions of Art. 38.08, supra, and the matter is brought before this court for review, this Court's duty is clear, and the responsibility for the reversal must rest solely upon the prosecuting attorney. *Lankford v. State*, 156 Tex.Cr.R. 113, 239 S.W.2d 394 (1951). Such error is rarely cureable by an instruction to the jury to disregard.

In this instance, one of the prosecuting attorneys, near the end of her jury argument at the punishment stage of the trial, argued to the jury, inter alia,[1] "And you know, another pretty important [piece of] evidence that you can consider is what you've observed of this man right here..." The prosecuting attorney soon thereafter, after pointing towards the appellant, argued the following: "You haven't seen one iota of remorse, one iota of shame." Appellant's objection to this argument was overruled. The prosecuting attorney also, but later, after again pointing towards the appellant, argued the following to the jury: "And you didn't see any pity for that nine-year old retarded girl that was led into this courtroom from that man over there."[2] Appellant's objection to this argument was also overruled. The court of appeals held that "the comments directed the jury's attention only to the appellant's *demeanor* in court and not to the absence of his testimony." [Our Emphasis]. We are unable to agree with this holding.

The above statements the prosecuting attorney made to the jury clearly do not

---

1. The entire portion of the complained of argument is attached hereto as "Appendix A".

2. The record reflects that because the complainant was found not to be competent to testify, she was not permitted to testify in this cause. However, during the course of the trial, she was brought into the courtroom for identification purposes.

fall within the permissible perimeters of proper jury summation, which are stated in *Alejandro v. State,* 493 S.W.2d 230 (Tex. Cr.App.1973), and thus need not be restated here. Also see *Campbell v. State,* 610 S.W.2d 754 (Tex.Cr.App.1981); *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980); *Dunbar v. State,* 551 S.W.2d 382 (Tex.Cr. App.1977).

There is not anything in the record of appeal that might tend to reflect or indicate what appellant's "demeanor" might have been when he was in the courtroom during his trial. As noted, we have carefully read the record and have yet to find any instance where appellant misbehaved or conducted himself in other than an acceptable manner during the times he was in the courtroom.

■ The word "demeanor" is usually defined to mean the following: "The way in which a person behaves or conducts himself; deportment; manner." 350 *The American Heritage Dictionary of the English Language* (1973 Edition). Thus, had the record reflected that appellant misbehaved or conducted himself in the jury's presence in an unacceptable manner, then it would have been proper for the prosecuting attorney, in her jury argument, to have commented on the appellant's "demeanor." But as noted, we have yet to find, and the State does not refer us to any place in the record, any act on the part of the appellant that might enable us to conclude that he misbehaved or conducted himself in an improper manner during the course of his trial.

■ We also do not find that the statements the prosecuting attorney made concern an act or event of such common occurrence that its recognition does not require any expertise. Before it is permissible for either attorney to call to the attention of the jurors that which the jurors had an equal opportunity to observe, such must be reflected in the record or be of such common occurrence that its recognition requires no expertise. *Jordan v. State,* 646 S.W.2d 946, 948 (Tex.Cr.App.1983).

Furthermore, for us to put our stamp of approval on the prosecuting attorney's statements that appellant had not shown the jury that he was remorseful or shameful for what he was accused of committing would amount to overruling what is now axiomatic in our law: that a prosecutor's comment on a defendant's failure to testify offends both our State and Federal Constitutions, as well as our statutory law. *Owen v. State,* 656 S.W.2d 458 (Tex.Cr. App.1983). In *Owen,* we expressly stated the following: "If the remark complained of called the jury's attention to the absence of evidence that only the testimony from the appellant could supply, the conviction must be reversed." (459).

■ It is now well settled in this State that for the argument or comment of the prosecuting attorney to offend against Art. 38.08, supra, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the accused's failure to testify must be a necessary one. It is not sufficient that the language used might be construed as an implied or indirect allusion thereto. *Ramos v. State,* 419 S.W.2d 359, 367 (Tex.Cr.App.1967). The test employed is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Banks v. State,* 643 S.W.2d 129, 134 (Tex.Cr.App.1982). Also see *Garrett v. State,* 632 S.W.2d 350 (Tex. Cr.App.1982). Of course, in applying this test, the facts and circumstances of each case must be analyzed to determine whether the language used was of such character. *McDaniel v. State,* 524 S.W.2d 68 (Tex.Cr.App.1975); *Koller v. State,* 518 S.W.2d 373 (Tex.Cr.App.1975); *Overstreet v. State,* 470 S.W.2d 653 (Tex.Cr.App.1971).

The court of appeals concluded that the prosecutor's comments regarding the appellant's failure to show the jury that he was remorseful or shameful, or had pity for his victim, was directed only to the appellant's "demeanor" in the courtroom and not to the absence of his testimony. In

so holding, the court of appeals relied upon several of this Court's decisions for authority.

We find that the court of appeals' reliance upon *Hawkins v. State*, 660 S.W.2d 65 (Tex.Cr.App.1983), misplaced for several reasons. First and foremost is the fact that the trial judge in that cause sustained the defendant's objections and instructed the jury to disregard the arguments that were made by the prosecuting attorney. This court held that the instructions were sufficient to cure the errors, if any. Secondly, the opinion points out that during the course of the trial, the defendant "tried to mentally escape [from the trial] many times by falling asleep." Thus, in the context of the prosecuting attorney's jury argument that was made in *Hawkins*, supra, that the jurors had not seen any showing of remorsefulness by the defendant, we find that the prosecuting attorney's statements did not constitute either an indirect or direct comment on the defendant's failure to testify, but, instead, amounted to directing the jurors' attention to that which they themselves had witnessed, namely, that the defendant had slept during his trial. Although the choice of words was unfortunate, nevertheless, in context, the prosecuting attorney's remarks amounted to little more than what had been before the jury to witness, namely, that the defendant was not interested in his trial, which was a logical inference one might draw from a defendant who slept during his trial.

The court of appeals also attempted to distinguish *Thomas v. State*, 638 S.W.2d 481 (Tex.Cr.App.1982), which held that argument going to the failure of the defendant to present testimony going to contriteness was improper argument. However, the decision in *Thomas v. State*, supra, turned on the distinction that is made between the instance where the defendant himself fails to adduce evidence of contrition and the instance where the defendant could have, but did not, present testimony from other available witnesses. This Court held that the comment that was made in that cause did not constitute either an indi-

rect or direct comment on the defendant's failure to testify. However, in so holding, this Court pointed out the following: "It [contriteness] is, in short, a state of mind—and a highly personal one at that. Indicia of contriteness is necessarily generated after an offense by the one who is sorrowful for what he has done. That one is contrite about it must be communicated in order for others to know." In a footnote, the following was also pointed out: "So long as contrition 'is locked up and kept secret... there is no way in the world that the State can prove it.'" However, even when the defendant's contrition is no longer a locked up secret, by revealing same to others, this does not permit those persons to testify because such would constitute a self-serving declaration on the part of the defendant, which is inadmissible evidence. The argument that was made in *Thomas*, supra, was thus improper because the prosecutor faulted the defendant for that which he could not legally accomplish through testimony of his wife and sister in that they were not competent and material witnesses on the subject of his state of mind with respect to contrition. Also see *Elkins v. State*, 647 S.W.2d 663, fn. 7 (Tex.Cr.App. 1983).

▮ We find that the complained of arguments in this cause constitute, not a proper expression upon the appellant's courtroom demeanor, but, instead, constitute indirect comments on the appellant's failure to testify. The necessary and natural effect of the prosecutor's comments, that went to "remorsefulness," "lack of showing of sorrow for the victim," and "failure to exhibit shamefulness," amounted to directing the jury's attention to the failure of the appellant to testify to these various mental states, which, as there is no showing that they were ever unlocked and their secrecy removed, could have only been known by the appellant, or the appellant was the only person who could have given evidence going to these mental states, which would have required him to give up his right of self-incrimination. We are compelled to agree with appellant's

counsel that the attempt by the prosecuting attorney not to comment on the appellant's failure to testify, by using the word "demeanor," amounted to a transparent attempt to call the jury's attention to the appellant's invocation of his right to remain silent. Compare how the prosecuting attorney phrased his remarks in this cause, in order to get around the prohibition, with how the prosecuting attorney phrased his remarks in *Cortez v. State*, 683 S.W.2d 419 (Tex.Cr.App.1984), to get around past decisions of this Court.

Furthermore, as the Florida Supreme Court has pointed out, remorse is an active emotion and its absence, therefore, can be measured or inferred only from negative evidence. *Pope v. State*, 441 So.2d 1073 (Fla.1983).

Thus, in this instance, for us to approve the argument that was made by one of the prosecuting attorneys would amount to permitting jurors to infer lack of remorse from the exercise by the appellant of his constitutional right to remain silent. We decline to approve the argument on the specious ground that it only went to appellant's demeanor in the courtroom.

The judgment of the court of appeals is reversed and the cause remanded to the trial court for a new trial.

W.C. DAVIS, J. dissents.

### APPENDIX A

PROSECUTOR:

And you know, another pretty important evidence that you can consider is what you've observed in this courtroom. The demeanor in this courtroom of this man right here. You know, when [the complainant] was led into that courtroom she hid her face. She hid her face in shame.

DEFENSE COUNSEL: Your Honor, we'd object to that because there isn't any evidence that she hid her head in shame.

THE COURT: Sustained.

DEFENSE COUNSEL: We ask that the jury be instructed to disregard the remarks and testimony of counsel.

THE COURT: The jury will disregard the last comment of the Assistant District Attorney and not consider it for any purpose.

DEFENSE COUNSEL: We move for a mistrial.

THE COURT: Your motion for mistrial is denied.

PROSECUTOR: Well, you know that Selena hid her face. You haven't seen one iota of remorse, one iota of shame.

DEFENSE COUNSEL: Your Honor, we object to the prosecutor's coming over and pointing at the defendant and saying that we have never seen any remorse or shame as an indirect comment on the defendant's failure to testify, and consequently we object to it.

THE COURT: Your objection is overruled.

DEFENSE COUNSEL: Exception.

PROSECUTOR: And you didn't see any pity for that nine-year-old retarded girl that was led into this courtroom from that man over there.

DEFENSE COUNSEL: Your Honor, we object to that the prosecutor was pointing directly at the defendant when she said "that man over there" and that's an indirect comment upon the defendant's failure to testify and we so move the Court.

THE COURT: Your objection is overruled.

DEFENSE COUNSEL: Exception.