Blansit v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-051-CR

     BILLY EARL BLANSIT, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 92-20-C
                                                                                                    

O P I N I O N
                                                                                                    

      The State alleged that on December 28, 1991, Billy Earl Blansit, Jr. burglarized the home of
Mr. and Mrs. Harold Gauer. Blansit appeals a conviction of the offense of burglary of a
habitation. See Tex. Penal Code Ann § 30.02 (Vernon 1989). After finding that Blansit had
two prior felony convictions, the jury assessed his punishment at 99 years in prison. Blansit
alleges two points of error. The first point of error concerns comments made by the prosecutor
during the guilt-innocence and punishment phases of the trial. Blansit maintains that the remarks
improperly alluded to his failure to testify. Secondly, he asserts that the court erred in erroneously
admitting evidence of an extraneous offense. We will affirm.
      Blansit's first point asserts that the prosecutor made several inflammatory remarks that were
comments on his failure to testify. The first two comments occurred during the guilt-innocence
phase; the third was made during the punishment phase. They were as follows:
      1.   "Folks if you want to turn a burglar loose in this community on that kind of
evidence--";
 
      2.   "Folks, if you want to turn a burglar loose in this community on that kind of
evidence in the community, it is up to you. If that is what you choose to do,
then there is nothing we can do about it. This defendant has sat here, and he has
cried in front of you from voir dire on, and you want to feel sorry for him,
and say we will let a little crying burglar loose--"; and
 
      3.   "Ladies and gentlemen, those aren't tears of remorse, those are tears because
he got caught. He is crying, not because he is ashamed of what he did, but
because he got caught, and now he is going to have to pay the piper."

Blansit claims that the three offending comments violate his constitutional right against self-incrimination because they allude to his failure to testify. See Tex. Code Crim. Proc. Ann art.
38.08 (Vernon 1979). Furthermore, Blansit argues that comments two and three improperly refer
to his courtroom demeanor, thereby calling for a reversal. Blansit concedes that no objection was
made to the third comment. He argues, however, that when provisions of article 38.08 are
violated, the error is rarely curable by a instruction to disregard and that a failure to object will
waive error only if a proper jury instruction would remove the prejudicial effect of the State's
remarks. Consequently, urges Blansit, the sole remedy available to the court is reversal. We
disagree.
      Blansit argues that the prosecution's three "inflammatory" remarks allude to his failure to
testify. Before a prosecutor's argument will constitute a comment, direct or indirect, on the
defendant's failure to testify, the prosecutor's specific language must be looked at from the
standpoint of the jury. Griffin v. State, 554 S.W.2d 688, 689 (Tex. Crim. App. 1977). The
language used by the State must be manifestly intended or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. 
Dickinson v. State, 685 S.W.2d 320, 324 (Tex. Crim. App. 1985); see also Griffin, 554 S.W.2d
at 691; Moore v. State, 822 S.W.2d 355, 357 (Tex. App.—Houston [14th Dist.] 1988, no pet.). 
Indirect comments include comments on the defendant's courtroom demeanor. Dickinson, 685
S.W.2d at 322-23. It is insufficient that the language might be construed by the jury as an implied
or indirect allusion. Griffin, 554 S.W.2d at 690. Furthermore, during argument, counsel may
draw from the facts in evidence all inferences that are reasonable, fair, and legitimate. Id.
      The prosecutor's first two comments did not "necessarily and naturally" direct the jury's
attention to Blansit's failure to testify. See Dickinson, 685 S.W.2d at 324. Furthermore, we
cannot say that the prosecutor "manifestly intended" the comment to be interpreted as such. See
id. Comments such as the those about Blansit's crying in the courtroom are improper only if the
statements intentionally or naturally and necessarily suggest Blansit's guilt.
      Blansit failed to object and request a jury instruction on the State's third comment. Appellate
rule 52(a) states that a party must have presented to the trial court a timely request, objection or
motion, stating the specific grounds for the ruling he desired the court to make if the specific
grounds were not apparent from the context. Tex. R. App. P. 52(a). Because an instruction
would have cured any harm, the failure to object waived the complaint. We overrule point one.
      Blansit's second point contends that the court committed error by allowing evidence of an
extraneous offense. Although Karen Gauer discovered Blansit in her home upon returning from
her Friday evening bowling league, the State offered evidence that a skirt belonging to Karen was
found in a truck not owned by the Gauers that was allegedly burglarized by Blansit. The State
contended that the evidence showed that Blansit was in fact the burglar. Blansit initially objected
to introduction of the extraneous offense in the form of a motion in limine presented shortly before
the trial began. Although the court overruled his later objection during the trial, the evidence was
finally admitted without objection.
      Blansit complains of statements admitted during the direct examination of Paul Lopez. The
following constitutes the evidence of the extraneous offense that the defense claims was
erroneously admitted:
[Prosecutor]: Now, did anything happen in the early morning hours on December 28th?
 
[Defense]: Your Honor, if it please the Court, we would renew our objection that we
filed previously with the Court on the Motion in Limine.
 
[Court]: Overruled.

. . .
 
[Prosecutor]: And when you looked at the truck, could you tell whether or not anyone
was in your truck?
 
[Witness]: Yes.
 
[Prosecutor]: And what did you see when you looked at the truck?
 
[Witness]: There was somebody inside the truck.

. . . 
 
[Prosecutor]: Now, did the police do anything when the man ran from your truck?
 
[Witness]: They chased him.
 
[Prosecutor]: And did the police bring anybody back to your truck?
 
[Witness]: Yes.
 
[Prosecutor]: Did you go out to see who that person was?
 
[Witness]: Yes.
 
[Prosecutor]: Let me ask you, Mr. Lopez, if you see anybody in the Courtroom today
that you saw there at your house by your truck on the early morning hours of December
28th?
 
[Witness]: I sure do.
 
[Prosecutor]: And would you please point the person out?
 
[Witness]: Right there.
 
[Prosecutor]: Your honor, may the record reflect that the witness has identified the
defendant.

Blansit asserts that the evidence of the extraneous offense, burglary of the motor vehicle, was
erroneously admitted. 
      With two specific exceptions, a party must continue to object each time inadmissible evidence
is offered to preserve a complaint. Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991); see also Perez v. State, 830 S.W.2d 684, 689 (Tex. App.—Corpus Christi 1992, no pet.). 
The two exceptions to the "contemporaneous objection" rule are as follows: (1) a "running"
objection; and (2) an objection made out of the presence of the jury that, under Rule 52(b), is
sufficient to preserve a complaint for appellate review. Ethington, 819 S.W.2d at 858-59; Tex.
R. App. P. 52(b). Appellant must either continue to object to the detailed testimony or preserve
the complaint under one of these exceptions. Ethington, 819 S.W.2d at 859-60. The denial of
a motion in limine is insufficient to preserve a complaint. Basham v. State, 608 S.W.2d 677, 679
(Tex. Crim. App. 1980). 
      Blansit failed to preserve his complaint by not objecting to the repeated introduction of the
testimony identifying him as having committed the other offense. Ethington, 819 S.W.2d at 858-59; Tex. R. App. P 52(a). Because Blansit failed to preserve the complaint, we do not reach the
question of whether the evidence was improperly admitted. We overrule point two.
      We affirm the judgment.

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 10, 1993
Do not publish