TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00017-CR







Ramiro Rubi Ibarra, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46,608, HONORABLE RICK MORRIS, JUDGE PRESIDING







 The jury found appellant guilty of the offense of aggravated sexual assault of a child
younger than fourteen years of age. See Tex. Penal Code Ann. § 22.021 (West 1994 & Supp.
1999). The trial court assessed punishment at confinement for life. Appellant asserts four points
of error, contending that appellant was denied a fair trial because: (1) the State's attorney engaged
in prosecutorial misconduct; (2) a witness made a nonresponsive answer that alluded to an
inadmissible extraneous offense; (3) the trial court refused appellant's request for a limiting
instruction concerning extraneous offenses; and (4) the trial court caused the life sentence in the
instant cause to run consecutively with a death penalty previously assessed by another court. We
will overrule appellant's points of error and affirm the judgment of the trial court. 

 Appellant's complaint of prosecutorial misconduct is based on the prosecutor: (1)
asking a witness leading questions which injected the prosecutor's personal opinion; (2) insinuating
that appellant was deceiving the jury by exercising his right to have an interpreter; and (3) making
a jury argument that injected new and harmful facts. Appellant contends the cumulative effect of
the foregoing acts constituted prosecutorial misconduct and denied appellant a fair trial.

 Appellant's first complaint is directed to alleged leading questions asking the victim 
why he went to appellant's house after appellant had anally raped him on two occasions. After the
victim answered the prosecutor's question that he was scared of appellant, the prosecutor asked
why he went when he was scared of appellant. The victim answered that his cousin, appellant's
son, was the only person he had to play with.

 Allowing leading questions to be asked does not constitute an abuse of discretion
unless a defendant can demonstrate that he was unduly prejudiced by virtue of such questions. See
Newsome v. State, 829 S.W.2d 260, 270 (Tex. App.--Dallas 1992, no pet.). Assuming arguendo
that the questions were leading, appellant has failed to demonstrate undue prejudice as the result
of the complained of questions. Moreover, there is no suggestion from the record that the
question supplied the witness with an answer. See id. at 270.

 Appellant urges that the State insinuated that appellant was deceiving the jury by
exercising his right to have an interpreter. See Tex. Code Crim. Proc. Ann. art. 38.30 (West
Supp. 1999). In response to questions by the prosecutor, officer Lola Price testified that she
talked to appellant while he was in jail for three to five minutes; that she spoke in English and
appellant appeared to understand her. The trial court overruled appellant's objection that the
prosecutor was attempting to deny appellant's right to have an interpreter and insinuating that
appellant was being deceitful in asking for an interpreter. Earlier in the trial, the victim had
testified that appellant's threat to kill him if he told was made in English. Given the fact that
appellant was utilizing an interpreter in the trial, we perceive no error in showing that appellant
appeared to understand English when Price talked to him. Otherwise, the jury would have had
reason to doubt the victim's testimony that appellant's threat was made in English.

 Appellant's complaint about the prosecutor attempting to inject matters outside the
record is based on the following argument by the prosecutor: 


What kind -- what is in your heart and in your mind when you do those sort of
things to a young man, and you do it over and over? You think it was for sexual
gratification? He's got a wife in the other room. It's because he's big into pain,
he's big into hurting people, he's big into robbing you of your dignity, and
anything else he can take from you.


MR. HURLEY [defense counsel]: Your Honor, I'm going to object to this. This
is outside the evidence. He's arguing matters that are not in evidence.


THE COURT: Your objection is overruled.


But, ladies and gentlemen, what the attorneys say, either side, is not the evidence
in the case. You're the judges of the evidence, and it's your recollection of the
evidence and testimony that controls.


Go ahead, Mr. Carroll


MR. CARROLL [prosecutor]: It wasn't a crime for sex. This is a crime where he
can dominate, abuse, inflict pain, and hurt people. That's what he's into. That's
what's in his heart. That's what's in his mind. That's what he lives for.



 Appellant cites Dickinson v. State, 685 S.W.2d 320 (Tex. Crim. App. 1984), to
support his position that the prosecutor used his argument to inject new and harmful facts in this
case. Dickinson held that the prosecutor's argument that the defendant had not shown the jury that
he was remorseful or shameful constituted a comment on the defendant's failure to testify in
violation of both the federal and state constitutions as well as our statutory law. Id. at 323.

 For an improper argument to constitute reversible error the record must be viewed
to determine whether there is a reasonable possibility the improper argument might have
contributed to the conviction. See Wilson v. State, 938 S.W.2d 57, 61 (Tex. Crim. App. 1996). 
The prosecutor's argument about what was in appellant's mind can be inferred from conduct of,
remarks by, and circumstances surrounding the acts engaged in by appellant. See Turner v. State,
600 S.W.2d 927, 929 (Tex. Crim. App. 1980). Given the age of the victim (7 or 8) at the time
of the offense, the prosecutor's argument may be characterized as a legitimate deduction from the
evidence. Assuming that the argument constituted error, we find there was not a reasonable
probability that it contributed to appellant's conviction.

 Appellant urges that the cumulative effect of the foregoing acts of prosecutorial
misconduct constituted reversible error. Before reversal results from nonconstitutional error it
must have affected the substantial rights of the accused. See Tex. R. App. P. 44.2(b). After
reviewing the record and conducting an analysis of each of appellant's three complaints, we hold
that the cumulative affect of the three alleged errors did not affect appellant's substantial rights. 
Appellant's first point of error is overruled.

 In his second point of error, appellant asserts that he was denied a fair trial when
a witness made a non-responsive answer that alluded to an inadmissible extraneous offense. 
During defense counsel's cross-examination of the victim's mother, the following occurred:


Q: Ms. Gandara, I believe you stated that when Mr. Ibarra [appellant] and your
sister, Maria, moved from Waco into the house on North Main that they had
a child who was sick at that time and that it shortly thereafter died; is that
correct?


A: Okay. Not that time. He died before he got incarcerated.



Pursuant to defense counsel's request, the trial court instructed the witness to "just answer the
questions he asks." Appellant's objection to the answer was sustained, but the trial court
overruled defense counsel's request for an instruction to the jury to not consider the witness'
response.

 Prior to the foregoing response, the witness had testified without objection: "[L]ater
on back when he [appellant] was released from being incarcerated, then he [appellant] started
staying at the house." No error is preserved for review where the same evidence had been
admitted in evidence without objection. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim.
App. 1991). Moreover, after a nonresponsive answer objection is made, the trial court must be
advised why the answer is inadmissible. See Smith v. State, 763 S.W.2d 836, 841 (Tex.
App.--Dallas 1988, no pet.). Appellant's second point of error is overruled.

 In his third point of error, appellant contends that he was denied a fair trial as a
result of the trial court not granting his request for a limiting instruction on testimony about
extraneous offenses until the witness had completed his testimony. The indictment alleged the
offense occurred "on or about June 15, 1990." Trial was held in December 1997, when the victim
was 15 years of age. The victim delayed telling his mother and the police about this and other acts
because he was afraid of appellant. The victim testified that when he was 7 or 8 he went to
appellant's house to play with his cousin. When the victim refused appellant's request to pull his
pants down, appellant threatened to kill him. After the victim complied with appellant's request,
appellant committed anal sodomy on the victim.

 The victim's testimony about subsequent violations form the basis of appellant's
complaint. There appears to be no question about the admissibility of subsequent offenses
committed by appellant against the victim for the purpose of showing the state of mind of appellant
and the victim, and the previous and subsequent relationship between appellant and the victim. 
See Tex. Code Crim. Proc. Ann. art. 38.37 (West 1995); Ernst v. State, 971 S.W.2d 698, 700
(Tex. App.--Austin 1998, no pet.). When the prosecutor asked the victim if something similar
happened to him a few days after the offense, defense counsel asked, and the prosecutor stated,
the purpose for which the evidence was offered. Before the victim could answer the prosecutor's
question, defense counsel asked the court to give a limiting instruction. The court responded,
"Overruled right now." Defense counsel asked for, and was given, a running objection based on
the testimony having a prejudicial effect that outweighed its probative value.

 The victim testified that a few days after the first offense appellant committed a
sexual assault on him identical to the first one. Again, appellant threatened to kill him if he told
anyone. The victim testified that on two subsequent occasions appellant tried to get the victim to
masturbate him. Appellant's only request for a limiting instruction came before the victim 
answered the prosecutor's question about the first extraneous offense. At the conclusion of the
victim's testimony, the trial court gave appellant's requested instruction limiting the purpose for
which the jury might consider the testimony of the extraneous offenses. In addition, the trial
court's charge to the jury included a like instruction.

 Appellant raises no question about the sufficiency of the trial court's instructions,
only that the oral instruction following the victim's testimony was not timely. Appellant urges that
limiting instructions operate most effectively when given simultaneously with the admission of the
evidence, and that the failure to do so does not constitute an efficacious application of Rule 105(a)
of the Texas Rules of Criminal Evidence. (1) Appellant opines that jurors may have improperly used
the evidence of extraneous offenses to form a negative opinion of appellant prior to receiving
limiting instructions from the trial court.

 Appellant's only request for a limiting instruction came prior to the time the trial
court had an opportunity to hear testimony on the first extraneous offense. Assuming the trial
court erred in waiting until the completion of the examination of the victim to give a limiting
instruction, we must determine whether reversible error is shown. A non-constitutional error is
harmless if the reviewing court, after reviewing the entire record, determines that no substantial
rights of the defendant were affected. See Tex. R. App. P. 44.2(b); Fowler v. State, 958 S.W.2d 
853, 865 (Tex. App.--Waco 1997, pet. granted). The trial court gave a limiting instruction at the
close of the witness' testimony and repeated it in its written charge to the jury. Appellant utilized
the evidence of the extraneous offense, urging that the victim was not credible because he
continued to be around appellant after the alleged extraneous acts of sexual abuse. We find that
the failure of the trial court to give a limiting instruction immediately following the extraneous
offense testimony did not affect the substantial rights of appellant and did not influence the verdict. 
Appellant's third point of error is overruled.

 In his fourth point of error, appellant urges that he was denied a fair trial when the
trial court granted the State's request to have the life sentence in the instant cause run
consecutively with a death penalty that appellant had previously received in McLennan County. 
Appellant argues that the law does not compel the doing of that which is impossible. Accordingly,
appellant could not serve a life sentence if he is put to death.

 The trial court has the discretion to order a sentence in the cause before it to begin
when a sentence in a prior case ceases to operate. See Tex. Code Crim. Proc. Ann. art. 42.08
(West Supp. 1999). No penalty is excluded from art. 42.08. The Court of Criminal Appeals is
authorized under certain conditions to reform a sentence of death to a sentence of confinement for
life. See Tex. Code Crim. Proc. Ann. art. 44.251 (West Supp. 1999). Thus, there are
circumstances when it cannot be said that the order cumulating the sentences compels the
impossible. In the event the sentence of death is carried out, we perceive no way in which
appellant was harmed by the cumulation order. Appellant's fourth point of error is overruled.


 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

Before Justices B. A. Smith, Powers* and Davis**

Affirmed

Filed: January 14, 1999

Do Not Publish























* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).


** Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Rule 105(a) provides:


When evidence which is admissible as to one party or for one purpose but not
admissible as to another party or for another purpose is admitted, the court, upon
request, shall restrict the evidence to its proper scope and instruct the jury
accordingly; but, in the absence of such request the court's action in admitting such
evidence without limitation shall not be a ground for complaint on appeal.


Tex. R. Crim. Evid. 105(a).



ed it in its written charge to the jury. Appellant utilized
the evidence of the extraneous offense, urging that the victim was not credible because he
continued to be around appellant after the alleged extraneous acts of sexual abuse. We find that
the failure of the trial court to give a limiting instruction immediately following the extraneous
offense testimony did not affect the substantial rights of appellant and did not influence the verdict. 
Appellant's third point of error is overruled.

 In his fourth point of error, appellant urges that he was denied a fair trial when the
trial court granted the State's request to have the life sentence in the instant cause run
consecutively with a death penalty that appellant had previously received in McLennan County. 
Appellant argues that the law does not compel the doing of that which is impossible. Accordingly,
appellant could not serve a life sentence if he is put to death.

 The trial court has the discretion to order a sentence in the cause before it to begin
when a sentence in a prior case ceases to operate. See Tex. Code Crim. Proc. Ann. art. 42.08
(West Supp. 1999). No penalty is excluded from art. 42.08. The Court of Criminal Appeals is
authorized under certain conditions to reform a sentence of death to a sentence of confinement for
life. See Tex. Code Crim. Proc. Ann. art. 44.251 (West Supp. 1999). Thus, there are
circumstances when it cannot be said that the order cumulating the sentences compels the
impossible. In the event the sentence of death is carried out, we perceive no way in which
appellant was harmed by the cumulation order. Appellant's fourth point of error is overruled.


 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

Before Justices B. A. Smith, Powers* and Davis**

Affirmed

Filed: January 14, 1999

Do Not Publish























* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).


** Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.