NO. 07-02-0099-CR


NO. 07-02-0100-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 12, 2002



______________________________




PEDRO MORENO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NOS. 10, 105 AND 10,106; HONORABLE TOM NEELY, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, SJ. (1)

 In this appeal of companion cases, appellant Pedro Moreno challenges his
conviction in each case of delivery of a controlled substance (cocaine) in an amount of
more than four grams but less than 200 grams. In our cause number 07-02-0099-CR, the
jury assessed a sentence of five years confinement in the Institutional Division of the
Department of Criminal Justice, and in our cause number 07-02-0100-CR, it assessed a
sentence of 20 years in the same penal institution. For reasons we later recount, we affirm
the judgment of the trial court in each cause.

 In presenting his issues, appellant asks us to determine whether the trial court: 1)
erred in admitting "evidence envelopes" over his timely objection, and 2) in permitting
"multiple State's comment on appellant's failure to testify." However, in presenting his first
issue, appellant failed to present any argument or supporting authority. That being so, any
error is waived. Garcia v. State, 887 S.W.2d 862, 871 (Tex.Crim.App. 1994), cert. denied,
514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). See also Tex. R. App. P. 38.1(h).
Appellant's first issue is overruled.

 Appellant's second issue complaints about the State's alleged comments on his
failure to testify arise from two statements made by the State in both the guilt-innocence
and punishment stages of the trial. Because appellant first argues the punishment phase
statements, we will, likewise, consider them first. In that argument, the prosecutor argued
that in assessing punishment, the jury could consider appellant's lack of remorse. The
record reveals that the trial court promptly sustained appellant's objection to the argument
and instructed the jury to disregard it, but denied his mistrial motion.

 In arguing that reversal is required, appellant cites and relies upon Dickinson v.
State, 685 S.W.2d 320 (Tex.Crim.App. 1984). In that case, the court held that a "lack of
remorse" argument required reversal because it amounted to a comment on the
defendant's failure to testify. In doing so, it commented that "[s]uch error is rarely curable
by an instruction to the jury to disregard." Id. at 323. However, there, the trial court had
overruled the objection. Thus, the court's comment there was gratuitous, was dicta in the
case, and is not determinative here.

 Moreover, both before and after Dickinson, the Court of Criminal Appeals has
considered challenges to "lack of remorse" arguments in which an objection was sustained
and the jury instructed to disregard. In each such instance, the court found the instruction
sufficient to cure any error, and reversal was not required. See Bower v. State, 769
S.W.2d 887, 907 (Tex.Crim.App. 1989); Hawkins v. State, 660 S.W.2d 65, 79 (Tex.Crim.
App. 1983). Indeed, in Bower, the court specifically noted the Dickinson case, but
distinguished it because of the instruction to disregard given by the trial court in the case
it was considering. Id.

 In Barnum v. State, 7 S.W.3d 782 (Tex.App.--Amarillo 1999, pet. ref'd), we
discussed the distinguishing factors in determining whether a comment on a defendant's
failure to testify required reversal. The argument we were considering in that case also
contained a reference to the defendant's lack of remorse. In deciding that reversal was not
required, we noted the discussions by the Court of Criminal Appeals in which it
distinguished between a direct reference to a defendant's failure to testify, which usually
cannot be cured by an instruction to the jury, and an indirect reference, which can be cured
by an instruction to disregard. The argument before us here falls within the category that
can be cured by a prompt instruction to disregard. Thus, the trial court's prompt instruction
to disregard was sufficient to cure any error.

 In his second argument under this issue, appellant contends that the several
statements here by the prosecutor that the evidence of guilt was undisputed amounted to
reversible comments on appellant's failure to testify. However, a prosecutor's argument
that incriminating evidence is uncontroverted only becomes an impermissible comment on
the defendant's failure to testify if the defendant is the only person who can contradict the
State's evidence. Goff v. State, 931 S.W.2d 537, 548 (Tex.Crim.App. 1996); Silva v. State,
989 S.W.2d 64, 66 (Tex.App.--San Antonio 1998, pet. ref'd).

 The specific evidence here that the prosecutor argued was uncontroverted was: 1)
testimony by the investigating officer, Randy Alsup, that appellant had sold him cocaine on
two occasions, 2) the chain of custody and laboratory results that the substance transferred
to Alsup was cocaine, and 3) Alsup's testimony about his conduct in a bar while waiting for
appellant to arrive. At each of the sales and transfers of the drug, a confidential informant
was present. During the first sale, the informant was in the same room in which the
transaction took place. At the time of the second sale, the informant was seated in
appellant's truck between appellant and Alsup. Indeed, the testimony was that appellant
actually passed the cocaine to Alsup over the informant's lap. Thus, at all critical times,
there was another person who could have contradicted Alsup's testimony.

 With regard to the chain of custody testimony, appellant could not have contradicted
it because he had no personal knowledge of those events. Thus, under this record, the
argument that the evidence was undisputed was not a reversible comment on appellant's
failure to testify.

 Likewise, the third statement by the prosecutor challenged by appellant arose from
his attempts to show through cross-examination that while awaiting appellant's arrival at
the bar, Alsup drank alcoholic beverages. The relevant evidence was that appellant was
in the bar only long enough to get Alsup and the informant to go to appellant's truck where
the sale took place. Thus, because appellant could have no knowledge as to what Alsup
did before his arrival at the bar, he could not have contradicted that testimony. The
informant was also present with Alsup at the bar prior to appellant's arrival and could have
contradicted Alsup's testimony if appropriate.

 In supporting his argument that reversal is required, appellant also cites and relies
upon Carrillo v. State, 821 S.W.2d 697, 699 (Tex.App.--Dallas 1991), pet. ref'd, 826
S.W.2d 955 (Tex.Crim.App. 1992). However, that case is also distinguishable. The
testimony to which the prosecutor in that case referred to as undisputed concerned an
event at which only the defendant and the testifying officer were present. Id. at 699. 
Again, as we have noted, that is different from the evidence before us.

 Under the governing standards, the statements challenged by appellant were not
impermissible comments on his failure to testify. Appellant's second issue is overruled.

 

 In sum, because neither of appellant's issues reveal reversible error, the judgment
of the trial court is affirmed. 

 John T. Boyd

 Senior Justice


Do not publish. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002). 



 }

 The court heard evidence from appellant’s probation officer that
appellant failed to comply with several terms and conditions of his community supervision
by, among others, failing to report, failing to complete community service, failing to abide
by travel restrictions, failing to abstain from the use of controlled substances, and failing
to remain at least 1,000 feet from premises where children commonly gather, and overall
“held minimal regard for the conditions of probation.” The court also heard appellant’s brief
testimony in which he indicated to the court his desire to continue his probation.
          Based on appellant’s pleas of “true” and the evidence presented before it, the court
revoked appellant’s community supervision, adjudicated appellant guilty of injury to a child
and assessed appellant’s punishment at ten years of confinement in the Institutional
Division. The court certified appellant’s right of appeal, and he timely filed notice of appeal. 
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which she certifies that she has diligently reviewed
the record and, in her professional opinion, under the controlling authorities and facts of this
case, there is no reversible error or legitimate grounds on which an appeal arguably can be
predicated. The brief discusses the procedural history of the case and the proceedings in
connection with the motion to revoke appellant’s community supervision. Counsel
discusses the applicable law, identifies possible grounds for appeal, then sets forth the
reasons those possible grounds are not arguably meritorious. Counsel has certified that
a copy of the Anders brief and motion to withdraw have been served on appellant, and that
counsel has advised appellant of his right to review the record and file a pro se response.
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this
Court also notified appellant of his opportunity to submit a response to the Anders brief and
motion to withdraw filed by his counsel. Appellant has not filed a response.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
          Counsel first notes that appellant’s plea of “true” to even one allegation in the State’s
motion was sufficient to support a judgment revoking community supervision. Cole v. State,
578 S.W.2d 127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209
(Tex.App.–San Antonio 2006, pet. denied). Counsel also evaluates the possibility that
appellant might argue he received ineffective assistance of counsel in the revocation
proceedings. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984) and Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing
standard for effective assistance of counsel). We agree with counsel that the record
contains no support for such a contention. 
           Lastly, we agree with counsel that the record does not support a contention the
sentence imposed by the court was improper. See Tex. Penal Code Ann. § 22.04 (Vernon
2005); Tex. Penal Code Ann. § 12.34 (Vernon 2003). See also Jordan v. State, 495
S.W.2d 949, 952 (Tex.Crim.App. 1973); Rodriguez v. State, 917 S.W.2d 90, 92
(Tex.App.–Amarillo 1996, pet. ref’d) (Texas courts have traditionally held that as long as the
sentence is within the range of punishment established by the Legislature in a valid statute,
it does not violate state or federal prohibitions). 
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal from the revocation,
adjudication of guilt and sentence. We agree it presents no arguably meritorious grounds for
review. Accordingly, we grant counsel's motion to withdraw


 and affirm the judgment of the
trial court.
 
                                                                James T. Campbell

                                                                         Justice

 
 
 
 
 
Do not publish.