NO. 07-05-0403-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 8, 2006



______________________________




YOLANDA NELSON AND JAMES L. JOHNSON, APPELLANTS



V.



ALBERTSON'S, INC., APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY;



NO. 04-23919-1; HONORABLE R. BRENT KEIS, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

ON JOINT MOTION TO DISMISS AND MOTION FOR REHEARING 



 Following our opinion of July 13, 2006, affirming the trial court's order awarding
monetary sanctions, Nelson and Johnson filed a motion for rehearing. While the motion
remained pending, Nelson and Johnson and Albertson's, Inc. filed a first amended joint
motion to dismiss appeal pursuant to agreement under Rule 42.1(a)(2) of the Texas Rules
of Appellate Procedure which provides that we may set aside the order of the trial court
without regard to the merits and remand the case for rendition of judgment in accordance
with an agreement (1) signed by the parties or their attorneys and filed with the clerk. It
appearing that a signed agreement has not been filed with the Clerk of this Court, the joint
motion to dismiss is denied.

 Additionally, remaining convinced that our original disposition was correct, the
motion for rehearing is overruled. 


 Don H. Reavis

 Justice


 

 


1. The motion is not based on Rule 42.1(a)(1) which authorizes dismissal on the
motion of the appellant, but expressly states that it is based on an agreement pursuant to 
Rule 42.1(a) (2).


stages of the trial. Because appellant first argues the punishment phase
statements, we will, likewise, consider them first. In that argument, the prosecutor argued
that in assessing punishment, the jury could consider appellant's lack of remorse. The
record reveals that the trial court promptly sustained appellant's objection to the argument
and instructed the jury to disregard it, but denied his mistrial motion.

 In arguing that reversal is required, appellant cites and relies upon Dickinson v.
State, 685 S.W.2d 320 (Tex.Crim.App. 1984). In that case, the court held that a "lack of
remorse" argument required reversal because it amounted to a comment on the
defendant's failure to testify. In doing so, it commented that "[s]uch error is rarely curable
by an instruction to the jury to disregard." Id. at 323. However, there, the trial court had
overruled the objection. Thus, the court's comment there was gratuitous, was dicta in the
case, and is not determinative here.

 Moreover, both before and after Dickinson, the Court of Criminal Appeals has
considered challenges to "lack of remorse" arguments in which an objection was sustained
and the jury instructed to disregard. In each such instance, the court found the instruction
sufficient to cure any error, and reversal was not required. See Bower v. State, 769
S.W.2d 887, 907 (Tex.Crim.App. 1989); Hawkins v. State, 660 S.W.2d 65, 79 (Tex.Crim.
App. 1983). Indeed, in Bower, the court specifically noted the Dickinson case, but
distinguished it because of the instruction to disregard given by the trial court in the case
it was considering. Id.

 In Barnum v. State, 7 S.W.3d 782 (Tex.App.--Amarillo 1999, pet. ref'd), we
discussed the distinguishing factors in determining whether a comment on a defendant's
failure to testify required reversal. The argument we were considering in that case also
contained a reference to the defendant's lack of remorse. In deciding that reversal was not
required, we noted the discussions by the Court of Criminal Appeals in which it
distinguished between a direct reference to a defendant's failure to testify, which usually
cannot be cured by an instruction to the jury, and an indirect reference, which can be cured
by an instruction to disregard. The argument before us here falls within the category that
can be cured by a prompt instruction to disregard. Thus, the trial court's prompt instruction
to disregard was sufficient to cure any error.

 In his second argument under this issue, appellant contends that the several
statements here by the prosecutor that the evidence of guilt was undisputed amounted to
reversible comments on appellant's failure to testify. However, a prosecutor's argument
that incriminating evidence is uncontroverted only becomes an impermissible comment on
the defendant's failure to testify if the defendant is the only person who can contradict the
State's evidence. Goff v. State, 931 S.W.2d 537, 548 (Tex.Crim.App. 1996); Silva v. State,
989 S.W.2d 64, 66 (Tex.App.--San Antonio 1998, pet. ref'd).

 The specific evidence here that the prosecutor argued was uncontroverted was: 1)
testimony by the investigating officer, Randy Alsup, that appellant had sold him cocaine on
two occasions, 2) the chain of custody and laboratory results that the substance transferred
to Alsup was cocaine, and 3) Alsup's testimony about his conduct in a bar while waiting for
appellant to arrive. At each of the sales and transfers of the drug, a confidential informant
was present. During the first sale, the informant was in the same room in which the
transaction took place. At the time of the second sale, the informant was seated in
appellant's truck between appellant and Alsup. Indeed, the testimony was that appellant
actually passed the cocaine to Alsup over the informant's lap. Thus, at all critical times,
there was another person who could have contradicted Alsup's testimony.

 With regard to the chain of custody testimony, appellant could not have contradicted
it because he had no personal knowledge of those events. Thus, under this record, the
argument that the evidence was undisputed was not a reversible comment on appellant's
failure to testify.

 Likewise, the third statement by the prosecutor challenged by appellant arose from
his attempts to show through cross-examination that while awaiting appellant's arrival at
the bar, Alsup drank alcoholic beverages. The relevant evidence was that appellant was
in the bar only long enough to get Alsup and the informant to go to appellant's truck where
the sale took place. Thus, because appellant could have no knowledge as to what Alsup
did before his arrival at the bar, he could not have contradicted that testimony. The
informant was also present with Alsup at the bar prior to appellant's arrival and could have
contradicted Alsup's testimony if appropriate.

 In supporting his argument that reversal is required, appellant also cites and relies
upon Carrillo v. State, 821 S.W.2d 697, 699 (Tex.App.--Dallas 1991), pet. ref'd, 826
S.W.2d 955 (Tex.Crim.App. 1992). However, that case is also distinguishable. The
testimony to which the prosecutor in that case referred to as undisputed concerned an
event at which only the defendant and the testifying officer were present. Id. at 699. 
Again, as we have noted, that is different from the evidence before us.

 Under the governing standards, the statements challenged by appellant were not
impermissible comments on his failure to testify. Appellant's second issue is overruled.

 

 In sum, because neither of appellant's issues reveal reversible error, the judgment
of the trial court is affirmed. 

 John T. Boyd

 Senior Justice


Do not publish. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).