Manuel **CARRILLO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–90–00654–CR.

Court of Appeals of Texas,
Dallas.

Dec. 9, 1991.

Ross Teter, Dallas, for appellant.

Kathleen A. Walsh, Dallas, for appellee.

Before ENOCH, C.J., and EVANS[1] and ASHWORTH[2], JJ.

## OPINION

ENOCH, Chief Justice.

Manuel Carrillo was convicted of unlawful delivery of cocaine. A jury found him guilty of the offense, and the court assessed his punishment at twenty-five years' confinement and a $1000 fine. Carrillo challenges his conviction in three points of error. He alleges that the trial court erred in denying his motions for mistrial based on the prosecutor's improper jury argument and a police officer's inadmissible testimony concerning extraneous offenses. For the reasons outlined below, we reverse the judgment of the trial court and remand for a new trial.

## FACTS

Detective Frank Perez of the Dallas Police Department had been working undercover for several weeks at the El Savoy Club. His purpose was to identify individuals who were dealing drugs out of the club and to purchase cocaine from them. On October 1, 1988, Detective Perez was at the club with two other individuals. Shortly after Detective Perez arrived at the club, Carrillo entered the club and proceeded to the bar. Detective Perez approached Carrillo and told Carrillo that he wished to purchase some cocaine. Carrillo allegedly told Detective Perez to meet him in the bathroom of the club; Carrillo then went into the bathroom and was soon joined by Detective Perez. The two men were alone in the bathroom, and Detective Perez testified that at that time he paid Carrillo $550 in exchange for a plastic bag containing white powder. Later, the powder was analyzed and found to be cocaine in an amount less than twenty-eight grams. Several months later Carrillo was arrested and charged with this offense.

## POINTS OF ERROR

Carrillo raises three points of error. In his third point of error, Carrillo claims that the trial court erred in denying his motion for a mistrial based on the State's comment on his failure to testify. In Carrillo's other two points, he argues that it was error to deny his motions for a mistrial based on inadmissible testimony regarding extraneous offenses committed both prior and subsequent to the instant offense.

1. The Honorable Frank G. Evans, Chief Justice, Retired, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. The Honorable Clyde R. Ashworth, Justice, Retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

■ During closing argument, the State summarized the testimony of Detective Perez:

PROSECUTOR: Ladies and gentlemen, it's simple, it's not been uncorroborated evidence, it's not been disputed, it's just a simple case.

DEFENSE COUNSEL: We'll object, your Honor. It's a comment on the Defendant not testifying to say that the evidence has not been disputed.

Defense counsel's objection that this was an impermissible comment on Carrillo's failure to testify was sustained. The jury was instructed to disregard the State's comment, but the motion for mistrial was denied.

■ We recognize the general rule that in most cases in which improper argument or testimony is objected to, an appellate court relies on the presumption that sustaining the objection and instructing the jury to disregard will cure the harm caused. *Gardner v. State*, 730 S.W.2d 675, 696 (Tex.Crim.App.1987), *cert. denied*, 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987). This Court has faith in the jury's ability to recognize, upon instruction, the potential for prejudice and to discount any prejudice during deliberations.

For the State's jury argument to be proper, it must fall within one of four general categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Allridge v. State*, 762 S.W.2d 146, 155 (Tex. Crim.App.1988), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989).

■ The State violates both the state and federal constitutions when a prosecutor comments on an accused's failure to testify. In addition, Article 38.08 of the Texas Code of Criminal Procedure expressly prohibits any allusion to or comment on an accused's exercise of his right not to testify. *Jones v. State*, 693 S.W.2d 406, 407 (Tex.Crim.App.1985); *Brown v. State*, 814 S.W.2d 477, 479 (Tex.App.—Dallas 1991, pet. granted). The test applied in such a case requires us to view the offensive language from the jury's standpoint to see if it is of such a character that a jury

would necessarily and naturally take it to be a comment on the accused's failure to testify. *Madden v. State*, 799 S.W.2d 683, 699 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991). After reviewing the record in the instant case, we find that the prosecutor's language fails this test. The only two people involved in the alleged transaction were Carrillo and Detective Perez. The only person who could "dispute" the testimony of Detective Perez was Carrillo himself. This type of indirect comment by the State is reversible error because it calls for contradictory testimony which only a defendant is in a position to offer. *See Nowlin v. State*, 507 S.W.2d 534, 536 (Tex.Crim.App. [panel op.] 1974). We hold that a jury would naturally interpret the State's argument that the evidence was undisputed as a comment on Carrillo's failure to testify. It would stretch the limits of credibility to accept the State's argument that the jury could view the prosecutor's undisputed evidence comment as merely a comment on Carrillo's attempts to impeach Detective Perez's testimony and challenge his credibility on cross-examination. Our faith in a jury's ability to discount any prejudicial effect of the improper comment, although strong, is not unshakable. We sustain point of error three.

■ In his two remaining points of error, Carrillo complains that the trial court's sustaining of his objection to Detective Perez's inadmissible testimony regarding extraneous offenses, along with the court's instructions to the jury to disregard the testimony, were ineffective attempts to cure the harm he suffered by bringing these accusations before the jury. In light of our disposition of Carrillo's third point of error, it is not imperative that we address these points. However, we note with alarm the increasing frequency with which unresponsive answers from prosecution witnesses attempt, either deliberately or inadvertently, to bring before the jury inadmissible evidence clearly calculated to inflame the minds of the jury. This evidence is usually of such a character that it is virtually impossible to withdraw the im-

pression produced in their minds. *See Gardner*, 730 S.W.2d at 696. We cannot say that had we not found reversible error in the prosecutor's closing remarks, that the cumulative effect on the jury of the inadmissible testimony of Detective Perez and the improper jury argument would not lead us to conclude that even with the trial court's instructions these errors were harmless beyond a reasonable doubt. *See United States v. Canales*, 744 F.2d 413, 430–31 (5th Cir.1984); *Stahl v. State*, 749 S.W.2d 826, 832 (Tex.Crim.App.1988); *Rogers v. State*, 725 S.W.2d 350, 360–61 (Tex. App.—Houston [1st Dist.] 1987, no pet.); *Bennett v. State*, 677 S.W.2d 121, 127–29 (Tex.App.—Houston [14th Dist.] 1984, no pet.). It is the task of this Court, as well as the trial court, the State, and defense counsel to ensure the integrity and reliability of the fact finding process. If any doubt exists in the mind of a court that the accused received anything less than a fair and impartial trial, justice demands it can do no less than award a new trial. *Ruth v. State*, 522 S.W.2d 517, 519 (Tex.Crim.App. [panel op.] 1975).

We reverse the judgment of the trial court and remand the cause for a new trial.

EVANS, Justice, assigned, dissenting.

I respectfully dissent.

In deciding whether a prosecutor's argument constitutes a comment on the accused's failure to testify, a court must look at the language from the standpoint of the jury. *Banks v. State*, 643 S.W.2d 129, 134 (Tex.Crim.App.1982), *cert. denied*, 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983). From that viewpoint, the court must determine whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Id.* In making this determination, the court must consider the prosecutor's comment in light of the facts and circumstances of the particular case. *McDaniel v. State*, 524 S.W.2d 68, 70 (Tex. Crim.App.1975); *Koller v. State*, 518 S.W.2d 373, 375–76 (Tex.Crim.App.1975).

The majority has concluded that the prosecutor's statement in this case was of such

a character that the jury would "naturally and necessarily take it to be a comment on appellant's failure to testify." Majority Opinion at 698; *see also McKay v. State*, 707 S.W.2d 23, 37 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). I do not agree with the majority's conclusion.

As the State points out in its brief, the strategy of the defense was to create in the minds of the jury a reasonable doubt about the credibility and integrity of the State's case, which was based entirely on the testimony of a police detective and a police chemist. In furtherance of this strategy, Carrillo's counsel strenuously cross-examined the two State witnesses, trying to show inconsistencies in the testimony of the police detective and striving to create uncertainty about the identity of the contraband tested by the police chemist. In the State's argument to the jury, the prosecutor first reviewed the evidence relating to the drug transaction and explained the way the police chemist conducted the analysis of the cocaine. The prosecutor then stated, "Ladies and gentlemen, it's simple, it's not been uncorroborated evidence, it's not been disputed, it's just a simple case." The trial court sustained appellant's objection to this statement and admonished the jury not to consider it. The court then overruled appellant's motion for mistrial.

The record does not clearly reflect whether the prosecutor was referring to the testimony of the police detective, the testimony of the police chemist, or to all the evidence presented. Thus, I do not believe this court can conclude that the jury would "naturally and necessarily" take the prosecutor's statement as a comment on Carrillo's failure to testify.

Carrillo could have presented evidence, other than his own testimony, to rebut certain aspects of the State's case, particularly with respect to the identity of the contraband tested by the police chemist. The prosecutor's remark did not focus the jury's attention on issues that only the appellant could rebut by his own testimony, nor did it call to the jury's attention the absence of evidence that only Carrillo's tes-

timony could supply. *See Madden v. State,* 799 S.W.2d 683, 699–700 (Tex.Crim. App.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991).

In support of its ruling, the majority cites to *Brown v. State,* 814 S.W.2d 477 (Tex.App.—Dallas 1991, no pet.). *Brown,* a panel opinion of this court, is a robbery case in which the prosecutor, during the guilt-innocence stage of the trial commented, "Well, we don't know what he sounds like when he talks. We know he has a gold tooth. Big deal." *Id.* at 478. The defense counsel objected that the prosecutor's remark constituted a comment on the accused's failure to testify; and the trial court sustained the objection and instructed the jury to disregard the remark. The court then overruled the defendant's motion for mistrial.

A panel majority in *Brown* concluded that the prosecutor's argument necessarily referred to the accused, Brown, and to Brown's failure to testify regarding the circumstances of the offense. The majority determined that Brown was the *only* witness capable of revealing to the jury "what he sounds like when he talks" and that the prosecutor's remarks improperly called into question Brown's right to remain silent. *Brown,* 814 S.W.2d at 479.

In my opinion, the facts in *Brown* distinguish it from the circumstances of this case. Here, although the jury might have inferred from the prosecutor's statement that the prosecutor was referring to Carrillo's failure to testify, the jury could also have reasoned that the prosecutor was referring to the absence of *any* rebutting evidence by the defense. Because the defense could have challenged certain aspects of the State's case by evidence other than Carrillo's own testimony, the State's remark was, at most, an allusion to his failure to present any rebutting evidence. Accordingly, I would hold that the prosecutor's remark did not "naturally and necessarily" constitute a comment on Carrillo's failure to testify.

I am of the further opinion that any doubt about the focus of the State's remark was cured by the court's instruction to the jury to disregard the comment. Even assuming the prosecutor's remark was improper, I do not believe the remark was so clearly calculated to inflame the minds of the jury and to be of such character as to suggest the impossibility of withdrawing the impression produced in their minds. *See Gardner v. State,* 730 S.W.2d 675, 700 (Tex.Crim.App.1987), *cert. denied,* 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987); *Davis v. State,* 645 S.W.2d 817, 818–19 (Tex.Crim.App.1983).

I would overrule appellant's third point of error.

Because the majority does not address the appellant's first two points of error, I am reluctant to do so here. However, I cannot agree with the majority's suggestion that the cumulative effect of the State's testimony was so harmful that it could not be cured by the trial court's instructions.