NO. 12-01-00002-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




WANDA BERNARD,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS






 

 Appellant Wanda Bernard appeals her jury conviction for possession of a controlled substance
with intent to deliver, for which the jury assessed punishment at imprisonment for eighty years and
imposed a fine of $22,000.00. In three issues, Appellant complains that the State engaged in improper
jury argument, and that she received ineffective assistance of counsel. We reverse and remand for a
new trial.


Background

 In 1998, Appellant was a passenger on a commercial bus which stopped in Nacogdoches, Texas. 
When the bus came to a halt, an officer of the Deep East Texas Narcotics Task Force boarded the
vehicle. The officer walked to the back of the bus and began speaking with the passengers. He asked
Appellant for permission to search her person and baggage, to which Appellant consented. When
Appellant stood up, the officer saw a square shape under Appellant's clothing and asked what it was. 
Appellant told the officer that it was cocaine. She was arrested and ultimately indicted and prosecuted
for possession of a controlled substance with intent to deliver. Upon conviction, this appeal followed. 
Appellant complains that there was improper jury argument at both the guilt/innocence stage of the trial
and the punishment stage. Her ineffectiveness claim hinges on her trial counsel's failure to object to
that improper jury argument. 

Improper Jury Argument

Complained of Statements

 In issue three, Appellant complains that trial counsel failed to object when, during final
argument at the guilt-innocence stage of the trial, the prosecutor made improper jury arguments
commenting on Appellant's failure to testify, as follows:


[1] Now, [defense counsel] started out by saying that the only evidence that was brought into this case is what
came through this witness stand up here. And he's right. And this evidence is uncontroverted. There
is no evidence - and these are the elements . . .

. . .

[2] And there is no evidence to controvert with intent to deliver, because the evidence, and the only
evidence that you had, and what you're bound by your oath, is to consider only the evidence that was
submitted. The only evidence about, with intent to deliver, was what Officer Cruse testified based on
his experience.

. . .

[3] Ladies and gentlemen, the only evidence that you had in this case, the only evidence that you're
entitled to consider is what John Been told you and what Henri Cruse told you. 

. . .

[4] In fact, ladies and gentlemen, there isn't any evidence to the contrary that she's not guilty. There's
not one bit of evidence in this record that shows her any . . .

. . .

[5] --every element is undisputed.

. . .

[6] You can find that she intended to deliver it based on the circumstances, taped to her body, traveling
at that time of night under an assumed name. Those are pieces of evidence that are uncontroverted
under which you can assume that she intended to deliver it.


(emphasis added). 

 Appellant contends that even though the prosecutor's remarks were clearly improper comments
on her failure to testify, her trial counsel failed to object to all but the fourth comment. (1) This failure
waived any error for appellate review. Tex. R. App. P. 33.1(a). Appellant asserts that trial counsel's
performance in this respect constituted ineffective assistance of counsel. But before we can determine
if failing to object to the above-quoted comments was ineffective assistance, we must first consider
whether the jury argument was improper.

Standard of Review

 For the State's jury argument to be proper, it must fall within one of four general categories: 
(1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of
opposing counsel, and (4) plea for law enforcement. Allridge v. State, 762 S.W.2d 146, 155 (Tex.
Crim. App. 1988). Commenting on a defendant's failure to testify does not fall within any of these
categories. The State violates both the state and federal constitutions when a prosecutor comments on
an accused's failure to testify. Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). In
addition, article 38.08 of the Texas Code of Criminal Procedure expressly prohibits any allusion to or
comment on an accused's exercise of his right not to testify. Jones v. State, 693 S.W.2d 406, 407 (Tex.
Crim. App. 1985). The test applied in such a case requires us to view the offensive language from the
jury's standpoint to see if it is of such a character that a jury would necessarily and naturally take it to
be a comment on the accused's failure to testify. Madden v. State, 799 S.W.2d 683, 699 (Tex. Crim.
App. 1990).

 After reviewing the record in the instant case, we find that the prosecutor's language constituted
improper comments on Appellant's failure to testify. (2) The primary thrust of the argument in question
went to the issue of intent to deliver. The only person who could testify to Appellant's intent to deliver
the cocaine was Appellant herself. A jury would necessarily and naturally interpret the State's argument
that the evidence was undisputed as a comment on Appellant's failure to testify. See Pollard v. State,
552 S.W.2d 475, 476-77 (Tex. Crim. App. 1977)("No one contradicts her," when defendant is only
person capable of contradicting the witness, is comment on failure to testify); Dubose v. State, 531
S.W.2d 330 (Tex. Crim. App. 1976)(remark that the defense had not presented "one scintilla of
evidence" challenging the credibility of the victim is a comment on the accused's failure to testify);
Carrillo v. State, 821 S.W.2d 697 (Tex. App.-Dallas 1991, pet. ref'd)(statement by the prosecutor that
"it's simple, it's not been uncorroborated evidence, it's not been disputed, it's just a simple case," is
comment on defendant's failure to testify; Anderson v. State, 813 S.W.2d 177, 181 (Tex. App.-Dallas
1991, no pet.)("[H]as [defendant] put up any kind of explanation as to how those fingerprints ended up
on the truck?" is comment on failure to testify). 

Harm Analysis

 Having determined that the State's arguments constituted improper comments on Appellant's
failure to testify, we must conduct a harm analysis under Tex. R. App. P. 44.2. The applicable legal
standard of review is whether this court can determine beyond a reasonable doubt that the error did not
contribute to the conviction. Tex. R. App. P. 44.2(a). In applying this standard of review, we do not
consider whether there is overwhelming evidence of guilt. Harris v. State, 790 S.W.2d 568, 585 (Tex.
Crim. App. 1989). Instead, we focus on the error and its possible impact. Id. at 586-88. "If the error
was of a magnitude that it disrupted the [factfinder's] orderly evaluation of the evidence, no matter how
overwhelming it might have been, then the conviction is tainted." Id. at 588.

 To perform a harm analysis, an appellate court should consider the following factors: (1) the
source of the error, (2) the nature of the error, (3) whether the error was emphasized and its probable
collateral implications, (4) the weight a juror would probably place upon the error, and (5) whether
declaring the error harmless would encourage the State to repeat it with impunity. Also, the Supreme
Court has held that "courts must be alert to factors that may undermine the fairness of the factfinding
process." Estelle v. Williams, 425 U.S. 501, 503, 96 S. Ct. 1691, 1693, 48 L. Ed. 2d 126 (1976). The
probability of deleterious effects on fundamental rights, such as the Fifth Amendment guarantee against
self-incrimination which every defendant is entitled to, calls for close judicial scrutiny. See Id.

 Applying these standards to this case, we cannot conclude beyond a reasonable doubt that the
improper prosecutorial argument did not contribute to Appellant's conviction for possession with intent
to deliver. The record reflects that the prosecutor, intentionally or unintentionally, tainted the guilt-innocence phase of Appellant's trial by improperly commenting on Appellant's failure to testify. The
prosecutor's remarks could not help but direct the jury's attention to Appellant's invocation of her
constitutional right not to testify. The jury convicted Appellant of possession of a controlled substance
with intent to deliver. The jury was given the opportunity to find Appellant guilty of the lesser included
offense of possession, but declined to do so. The difference between the two offenses is the "intent to
deliver," which was the issue to which the improper argument was directed. The comments were made
by the State, and on one occasion, sanctioned by the trial court, which put "the stamp of judicial
approval" on it. (3) See Good v. State, 723 S.W.2d 734, 738 (Tex. Crim. App. 1986); Burke v. State, 652
S.W.2d 788, 790 (Tex. Crim. App. 1983). The State emphasized Appellant's failure to testify on
several occasions. And it would be a natural consequence of the State's argument that the jury would
consider Appellant's failure to testify as evidence of guilt, especially as to the element of intent to
deliver. 

 The natural and necessary implications of the prosecutor's comments include (1) disrupting the
jury's orderly evaluation of the evidence, (2) causing prejudice to the jury's decision-making, and (3)
denying Appellant's right to a fair and impartial trial. Also, we determine that to declare this improper
prosecutorial argument harmless could encourage other prosecutors to repeat it with impunity. 
Accordingly, we conclude that the prosecutor's improper jury argument constitutes harmful error, which
would have been reversible. Therefore, if trial counsel had objected, he would not have been engaging
in an exercise in futility, but rather he would have preserved reversible error for appeal. (4) 


Ineffective Assistance of Counsel

Standard of Review

 To show that his trial counsel was ineffective, Appellant must meet the two-pronged test
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First,
Appellant must demonstrate that counsel's performance was deficient. Id. at 687. In order to satisfy
this prong, Appellant must demonstrate that counsel's performance fell below an objective standard of
reasonableness, as judged on the facts of a particular case and viewed at the time of counsel's conduct. 
Id. at 688-90. However, counsel is presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). Appellant has the burden to rebut this presumption by proving that
his attorney's representation was unreasonable under prevailing professional norms and that the
challenged action was not sound strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).

 We do not inquire into matters of trial strategy unless from all appearances no possible basis
exists in strategy or tactics for trial counsel's actions. Johnson v. State, 614 S.W.2d 148, 152 (Tex.
Crim. App. 1981). When the record contains no evidence of the reasoning behind trial counsel's
actions, we cannot conclude counsel's performance was deficient. See Jackson, 877 S.W.2d at 772. 
A silent record does not require an appellate court to speculate on the reasons for trial counsel's
decisions. Id. at 771. Our speculation on the reasons for trial counsel's actions is "not material." Id. 
However, when a "cold record" clearly confirms that no reasonable trial counsel could have made such
trial decisions, to hold counsel ineffective is not speculation. Vasquez v. State, 830 S.W.2d 948, 950-51
(Tex. Crim. App. 1992); Tapia v. State, 933 S.W.2d 631, 634 (Tex. App.- Dallas 1996, pet. ref'd). In
other words, in "rare cases," the record on direct appeal will be sufficient for the appellate court to
evaluate the claim. Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). (5) Further, it
is possible that a single egregious error of omission or commission by Appellant's counsel constitutes
ineffective assistance. Thompson, 9 S.W.3d at 813. 

 The second prong requires Appellant to show that counsel's performance prejudiced his defense
at trial. Strickland, 466 U.S. at 692. "It is not enough for the Appellant to show that the errors had
some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, he must show there
is a reasonable probability that the result of the proceeding would have been different but for the errors
made by counsel. Id. at 694. "A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Id. 

 "Any allegation of ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996). Failure to make the required showing of either deficient performance or sufficient
prejudice defeats the ineffectiveness claim. Id. 

Analysis

 As we stated earlier, the State's argument constituted improper comments on Appellant's failure
to testify. The prosecutor in this case exceeded the bounds of proper jury argument, bringing improper
influences to bear on the jury's deliberations on several occasions. Although the trial record is devoid
of trial counsel's reasons for not objecting to this improper jury argument, counsel's failure to object
cannot be attributed to any reasonable trial strategy. While it is true that counsel could have made a
strategic decision not to object, we conclude that in this case, counsel's failure to object was not trial
strategy because he lodged an objection to the fourth improper comment on his client's failure to testify. 
Consequently, we find no valid strategic reason for trial counsel's performance. The record
affirmatively demonstrates that counsel's inaction could not have constituted sound trial strategy. We
hold, therefore, that this is the "rare case" in which the record on direct appeal is sufficient to prove
counsel's performance was deficient. Robinson, 16 S.W.3d at 813 n.7. (6)

 The next question before us is whether trial counsel's deficient performance prejudiced
Appellant's defense at trial. The prosecution offered very little evidence of intent to deliver, relying
solely on an inference from the amount of cocaine possessed by Appellant. During closing argument,
the State made six allusions to Appellant's failure to testify. These allusions clearly implied that the
jury could infer Appellant's guilt of intent to deliver from her failure to offer evidence to rebut the
State's position. Appellant's failure to testify was emphasized by the State. Furthermore, because trial
counsel did not object to the improper comments, the court did not issue instructions to disregard to
make it clear to the jury that they were not to use the prosecutor's statements in weighing the evidence. 
And as we earlier noted, the trial court put "the stamp of judicial approval" on the improper argument,
thus magnifying the possibility for harm. 

 The number of times the State alluded to Appellant's failure to testify, the State's heavy reliance
upon the argument that the evidence of intent to deliver was "uncontroverted," the court's "stamp of
judicial approval" on the improper argument, and the scant evidence of intent to deliver offered by the
State causes us to conclude that there is a reasonable probability that the result of the proceeding would
have been different but for the errors made by counsel. Our confidence in the outcome of the trial has
been undermined by trial counsel's errors. Accordingly, we sustain issue three and reverse and remand
this case for a new trial.


 LEONARD DAVIS 

 Chief Justice


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)
1. The trial court overruled trial counsel's objection that the prosecutor was improperly shifting the burden
of proof.
2. The State contends that the remarks were made in answer to argument of opposing counsel. However, the
State fails to cite the particular argument which was intended to be rebutted, and we have been unable to ascertain
any such argument. 
3. As we earlier stated, when trial counsel objected to the fourth improper comment, the trial court overruled
the objection.
4. There are numerous cases in which courts of appeal have reversed a conviction for the State's improper
comments on the defendant's failure to testify. See Cacy v. State, 901 S.W.2d 691 (Tex. App.- El Paso 1995, pet.
ref'd); Sauceda v. State, 859 S.W.2d 469 (Tex. App.- Dallas 1993, pet. ref'd); Norton v. State, 851 S.W.2d 341
(Tex. App.- Dallas 1993, pet. ref'd); Carillo v. State, 821 S.W.2d 697 (Tex. App.- Dallas 1991, pet. ref'd); Bowser
v. State, 816 S.W.2d 518 (Tex. App.- Corpus Christi 1991, no pet.); Anderson v. State, 813 S.W.2d 177 (Tex.
App.- Dallas 1991, no pet.). 
5. We do not agree, as some courts of appeals have held, that the record must contain evidence of counsel's
reasoning, or lack thereof, to rebut the presumption that the challenged acts were sound trial strategy. We believe
that this statement of the "law" is an erroneous paraphrase of Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). There have been at least 20 cases decided after the court of criminal appeals decided Jackson wherein
Texas courts have reversed even though no evidence of trial counsel's reasoning was presented. See Woods v. State,
59 S.W.3d 833, 935-38 (Tex. App.- Texarkana 2001, pet. filed); Mares v. State, 52 S.W.3d 886, 893 (Tex. App.-
San Antonio 2001, no pet.); Jaubert v. State, Nos. 10-99-090-CR to 10-99-00094-CR (Tex. App.- Waco Oct. 31,
2000, pet. granted); Robison v. State, 35 S.W.3d 257, 265 (Tex. App.- Texarkana 2000, pet. ref'd); In re R.D.B., 20
S.W.3d 255, 258-61 (Tex. App.- Texarkana 2000, no pet.); Stone v. State, 17 S.W.3d 348, 350-53 (Tex. App.-
Corpus Christi 2000, pet. ref'd); Bone v. State, 12 S.W.3d 521, 524-27 (Tex. App.- San Antonio 1999, pet.
granted); Young v. State, 10 S.W.3d 705, 715-16, 716 n.53 (Tex. App.- Texarkana 1999, pet. ref'd), cert. denied
528 U.S. 1063, 120 S. Ct. 618, 145 L. Ed. 2d 513 (1999); Brown v. State, 974 S.W.2d 289, 293-95 (Tex. App.- San
Antonio 1998, pet. ref'd); Ramirez v. State, 987 S.W.2d 938, 944-46 (Tex. App.- Austin 1999, no pet.); Gifford v.
State, 980 S.W.2d 791, 793-94 (Tex. App.- Houston [14th Dist.] 1998, pet. ref'd); Mitchell v. State, 974 S.W.2d
161, 167 (Tex. App.- San Antonio 1998), vacated and remanded, 989 S.W.3d 747 (Tex. Crim. App. 1999)
(remanding for determination of prejudice), on remand, 23 S.W.3d 582, 588 (Tex. App.- San Antonio 2000, pet.
ref'd); Valencia v. State, 966 S.W.2d 188, 191 (Tex. App.- Houston [1st Dist.] 1998, pet. ref'd); Yzaguirre v. State,
938 S.W.2d 129, 132-33 (Tex. App.- Amarillo), rev'd on other grounds, 957 S.W.2d 38 (Tex. Crim. App. 1997);
Glivens v. State, 918 S.W.2d 30, 32-34 (Tex. App.- Houston [1st Dist.] 1996, pet. ref'd); Greene v. State, 928
S.W.2d 119, 123-27 (Tex. App.- San Antonio 1996, no pet.); Owens v. State, 916 S.W.2d 713, 718-19 (Tex. App.-
Waco 1996, no pet.); Thomas v. State, 923 S.W.2d 611, 613 (Tex. App.- Houston [1st Dist.] 1995, no pet.); Durst
v. State, 900 S.W.2d 134, 138 (Tex. App.- Beaumont 1995), rev'd on other grounds, 934 S.W.2d 672 (Tex. Crim.
App. 1996); Green v. State, 899 S.W.2d 245, 248-49 (Tex. App.- San Antonio 1995, no pet.). 
6. Although we find it unnecessary for our evaluation of trial counsel's performance, Appellant does attach
the transcript from a hearing on writ of habeas corpus in which trial counsel testified. Since the hearing did not
concern ineffective assistance of counsel, there are no pointed questions and answers which one would normally see
in making the record on an ineffectiveness claim. However, the testimony supports our conclusion that trial counsel
did not purposefully fail to object to the improper jury argument, but rather negligently did so. 



 And other than that did you in doing the trial - I know you're competent, skilled, and an
aggressive counsel - I presume you saw error in the trial?



 Yes.



 And did you believe that you had preserved issues that would be appealable?



 Yes.



 And did you made an effort I'm sure to make that record as replete as possible with
competent objections?



 Yes.


. . .


 Did you feel that [the prosecutor] had made some improper arguments within the case?



 In 20 years of law practice I have never had an Assistant District Attorney or a District
Attorney act as badly as [the prosecutor] did in this trial.



 Did you feel like he had gone over the limits on occasion?



 Beyond over the limit . . .


. . .


 Do you think from your standpoint that if on appeal she claims that you were ineffective
that that's a valid ground?


Footnote continued.



 It's not for me to say. That's for the appellate court to grade my paper . . . .