NO. 07-02-0099-CR
NO. 07-02-0100-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 12, 2002

_____

PEDRO MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NOS. 10, 105 AND 10,106; HONORABLE TOM NEELY, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.[1]

In this appeal of companion cases, appellant Pedro Moreno challenges his conviction in each case of delivery of a controlled substance (cocaine) in an amount of more than four grams but less than 200 grams. In our cause number 07-02-0099-CR, the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

jury assessed a sentence of five years confinement in the Institutional Division of the Department of Criminal Justice, and in our cause number 07-02-0100-CR, it assessed a sentence of 20 years in the same penal institution. For reasons we later recount, we affirm the judgment of the trial court in each cause.

In presenting his issues, appellant asks us to determine whether the trial court: 1) erred in admitting "evidence envelopes" over his timely objection, and 2) in permitting "multiple State's comment on appellant's failure to testify." However, in presenting his first issue, appellant failed to present any argument or supporting authority. That being so, any error is waived. *Garcia v. State,* 887 S.W.2d 862, 871 (Tex.Crim.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). *See also* Tex. R. App. P. 38.1(h). Appellant's first issue is overruled.

Appellant's second issue complaints about the State's alleged comments on his failure to testify arise from two statements made by the State in both the guilt-innocence and punishment stages of the trial. Because appellant first argues the punishment phase statements, we will, likewise, consider them first. In that argument, the prosecutor argued that in assessing punishment, the jury could consider appellant's lack of remorse. The record reveals that the trial court promptly sustained appellant's objection to the argument and instructed the jury to disregard it, but denied his mistrial motion.

In arguing that reversal is required, appellant cites and relies upon *Dickinson v. State*, 685 S.W.2d 320 (Tex.Crim.App. 1984). In that case, the court held that a "lack of

2

remorse" argument required reversal because it amounted to a comment on the defendant's failure to testify. In doing so, it commented that "[s]uch error is rarely curable by an instruction to the jury to disregard." *Id.* at 323. However, there, the trial court had overruled the objection. Thus, the court's comment there was gratuitous, was *dicta* in the case, and is not determinative here.

Moreover, both before and after *Dickinson*, the Court of Criminal Appeals has considered challenges to "lack of remorse" arguments in which an objection was sustained and the jury instructed to disregard. In each such instance, the court found the instruction sufficient to cure any error, and reversal was not required. *See Bower v. State*, 769 S.W.2d 887, 907 (Tex.Crim.App. 1989); *Hawkins v. State*, 660 S.W.2d 65, 79 (Tex.Crim. App. 1983). Indeed, in *Bower*, the court specifically noted the *Dickinson* case, but distinguished it because of the instruction to disregard given by the trial court in the case it was considering. *Id.*

In *Barnum v. State*, 7 S.W.3d 782 (Tex.App.--Amarillo 1999, pet. ref'd), we discussed the distinguishing factors in determining whether a comment on a defendant's failure to testify required reversal. The argument we were considering in that case also contained a reference to the defendant's lack of remorse. In deciding that reversal was not required, we noted the discussions by the Court of Criminal Appeals in which it distinguished between a direct reference to a defendant's failure to testify, which usually cannot be cured by an instruction to the jury, and an indirect reference, which can be cured by an instruction to disregard. The argument before us here falls within the category that

3

can be cured by a prompt instruction to disregard. Thus, the trial court's prompt instruction to disregard was sufficient to cure any error.

In his second argument under this issue, appellant contends that the several statements here by the prosecutor that the evidence of guilt was undisputed amounted to reversible comments on appellant's failure to testify. However, a prosecutor's argument that incriminating evidence is uncontroverted only becomes an impermissible comment on the defendant's failure to testify if the defendant is the only person who can contradict the State's evidence. *Goff v. State*, 931 S.W.2d 537, 548 (Tex.Crim.App. 1996); *Silva v. State*, 989 S.W.2d 64, 66 (Tex.App.--San Antonio 1998, pet. ref'd).

The specific evidence here that the prosecutor argued was uncontroverted was: 1) testimony by the investigating officer, Randy Alsup, that appellant had sold him cocaine on two occasions, 2) the chain of custody and laboratory results that the substance transferred to Alsup was cocaine, and 3) Alsup's testimony about his conduct in a bar while waiting for appellant to arrive. At each of the sales and transfers of the drug, a confidential informant was present. During the first sale, the informant was in the same room in which the transaction took place. At the time of the second sale, the informant was seated in appellant's truck between appellant and Alsup. Indeed, the testimony was that appellant actually passed the cocaine to Alsup over the informant's lap. Thus, at all critical times, there was another person who could have contradicted Alsup's testimony.

With regard to the chain of custody testimony, appellant could not have contradicted it because he had no personal knowledge of those events. Thus, under this record, the

4

argument that the evidence was undisputed was not a reversible comment on appellant's failure to testify.

Likewise, the third statement by the prosecutor challenged by appellant arose from his attempts to show through cross-examination that while awaiting appellant's arrival at the bar, Alsup drank alcoholic beverages. The relevant evidence was that appellant was in the bar only long enough to get Alsup and the informant to go to appellant's truck where the sale took place. Thus, because appellant could have no knowledge as to what Alsup did before his arrival at the bar, he could not have contradicted that testimony. The informant was also present with Alsup at the bar prior to appellant's arrival and could have contradicted Alsup's testimony if appropriate.

In supporting his argument that reversal is required, appellant also cites and relies upon *Carrillo v. State*, 821 S.W.2d 697, 699 (Tex.App.--Dallas 1991), *pet. ref'd,* 826 S.W.2d 955 (Tex.Crim.App. 1992). However, that case is also distinguishable. The testimony to which the prosecutor in that case referred to as undisputed concerned an event at which only the defendant and the testifying officer were present. *Id.* at 699. Again, as we have noted, that is different from the evidence before us.

Under the governing standards, the statements challenged by appellant were not impermissible comments on his failure to testify. Appellant's second issue is overruled.

In sum, because neither of appellant's issues reveal reversible error, the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.