NO. 07-05-0416-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 10, 2006


______________________________



RICHARD JAMES ASHTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;



NO. 0951433D; HONORABLE ROBERT K. GILL, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Richard James Ashton, appeals his conviction for aggravated sexual
assault with a deadly weapon and his punishment, enhanced by a prior felony conviction,
of confinement for life in the Institutional Division of the Texas Department of Criminal
Justice. Appellant contends in eighteen issues that the trial court committed reversible
error. We affirm.


Factual Background


 In October 2004, appellant forced his way into her apartment when the victim
answered the door. Appellant assaulted the victim and pushed her into the bathroom
where he forced her to perform oral sex on him. Throughout the assault, appellant was
highly agitated at the victim because he could not maintain an erection. Appellant
alternatively held sharp objects, later identified as a pencil and the jagged end of a broken
glass pipe, against her throat. During the entire period, appellant threatened the victim
culminating with a threat to kill her. At the conclusion of the assault, appellant simply got
up, put his clothes on, and walked out of the victim's apartment. The victim called 911 and
two police units were dispatched from a nearby parking lot. Appellant was stopped leaving
the apartment complex and was arrested at the scene. The victim was taken to the
hospital where rape samples were taken. While appellant was incarcerated, samples of
hair, saliva and blood were taken from him pursuant to a search warrant. DNA testing on
the evidence recovered from the victim and the victim's apartment proved positive for
appellant's DNA. Additionally, DNA testing from blood on appellant's penis and hand
tested positive for the victim's DNA. During the trial, appellant's trial strategy appeared to
be that the sexual encounter was consensual and that there were no threats against the
victim nor was she held against her will. 

 Appellant contends through eighteen issues, that:

 1) The State committed error by commenting on the failure of appellant to
testify;

 2) Trial counsel was ineffective; and

 3) The trial court erred in its refusal to grant a pro se motion for continuance.


State's comment on appellant's failure to testify


 We begin by addressing the contention that the State commented during closing
arguments on appellant's failure testify. Appellant contends that when the State made the
following comment during the closing argument before the jury, the State was commenting
on the failure of the appellant to testify:

 This is a deadly weapon used in the course of the same criminal episode,
which lasted from the time that he seized her, took her freedom away until
the time he releases her when he leaves her apartment. It can happen
anytime in between. If he uses or shows this, and he did. He did. That's
undisputed. Same with the DNA. Same with his DNA. Undisputed
evidence, uncontroverted. (Emphasis as provided in appellant's brief)


 It is beyond dispute that a defendant in a criminal case has the right to remain silent
and that the State may not comment on the failure of a defendant to testify. U.S. Const.
amend. V; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005); Griffin v. California, 380
U.S. 609, 611-12, 85 S.Ct. 1229, 14 L.Ed.2d 105 (1965); Wead v. State, 129 S.W.3d 126,
128 (Tex.Crim.App. 2004). In order to violate appellant's constitutional and statutory rights,
the objectionable comment, viewed from the jury's perspective, must be manifestly
intended to be or of such a character that the jury would necessarily and naturally take it
as a comment on the accused's failure to testify. Fuentes v. State, 991 S.W.2d 267, 275
(Tex.Crim.App. 1999). Indirect or implied allusions to the accused's failure to testify does
not violate appellant's right to remain silent. Id. Furthermore, simply calling attention to
the absence of evidence which only the defendant could produce will result in reversal only
if the comment can only be construed to refer to appellant's failure to testify and not the
failure of appellant to produce other evidence. Id. The facts, circumstances of the case,
and the context of the jury argument in question must be analyzed on a case-by-case basis
to test whether the character of the language was such that the jury would naturally and
necessarily take it to be a comment on the accused's failure to testify. See Dickinson v.
State, 685 S.W.2d 320, 323 (Tex.Crim.App. 1984).

 In analyzing the first part of the argument made by the State, "If he uses or shows
this, and he did. He did. That's undisputed" it is apparent that, rather than referring to
the failure of appellant to testify, the statement is a reaffirmation of the State's position that
the evidence before the jury clearly shows that a deadly weapon was used during the
commission of the aggravated sexual assault. The State's argument that use of a deadly
weapon was undisputed does not directly allude to appellant's right not to testify. See
Fuentes, 991 S.W.2d at 275. Appellant can and did attack the State's allegation of the use
of a deadly weapon by contending that the injuries were inconsistent with the use of force,
without appellant being required to testify. It cannot be said that the statement by the State
was manifestly intended to be or that it was of such a character that the jury would
necessarily and naturally take it as a comment on the accused's failure to testify. Id. In
addition, the comments of the State about the DNA being undisputed are born out in the
stipulation signed by appellant. (1) This argument can not be said to have been manifestly
intended to necessarily or naturally be taken as a comment on the appellant's failure to
testify. Id. Accordingly, appellant's issue on the State commenting on appellant's failure
to testify is overruled. 

Ineffective assistance of counsel


 Next, appellant contends that his trial counsel was ineffective in ten issues covering
four general areas of the trial. (2) Appellant alleges counsel was ineffective because counsel
failed to: 1) request a continuance; 2) object to evidence seized pursuant to a search
warrant; 3) preserve voir dire error; and, 4) effectively represent him by, what appellant
styles as ineffective assistance, cumulative effect.

 When confronted with an ineffective assistance of counsel claim, we apply the
two-pronged analysis set forth by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting Strickland as applicable standard
under Texas Constitution).

 Under the first prong of the Strickland test, an appellant must show that counsel's
performance was deficient. Strickland, 466 U.S. at 687. "This requires showing that
counsel made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard,
an appellant "must show that counsel's representation fell below an objective standard of
reasonableness." Id. at 688. Under the second prong, an appellant must show that the
deficient performance prejudiced the defense. Id. at 687. The appropriate standard for
judging prejudice requires an appellant to "show that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have been
different." Id. at 694 "A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Id. Appellant must prove both prongs of Strickland by a
preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712
(Tex.Crim.App. 2000). Appellate review of counsel's representation is highly deferential
and presumes counsel's actions fell within the wide range of reasonableness and
professional assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). 

 Any allegation of ineffective assistance of counsel must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. Id. at
835. Failure to make the required showing of either deficient performance or sufficient
prejudice defeats the ineffectiveness claim. Strickland, 466 U.S. at 700. Appellate courts
look to the totality of the representation and the particular circumstances of each case in
evaluating the effectiveness of counsel. Ex parte Nailor, 149 S.W.3d 125, 130
(Tex.Crim.App. 2004). 

 Normally the record on direct appeal is not sufficiently developed to show that trial
counsel's representation was so deficient and so lacking in tactical or strategic decision
making as to overcome the presumption of reasonableness and professional assistance.
See Bone, 77 S.W.3d at 833. A petition for writ of habeas corpus usually is the
appropriate vehicle to investigate ineffective assistance claims. Id. Having set out the
standard of review with respect to claims of ineffective assistance of counsel, we now
review each of appellant's issues.

Failure to request a continuance and subpoena medical records


 Appellant contends that trial counsel's failure to request a continuance to subpoena
medical records is an act of ineffective assistance of counsel warranting reversal. Prior to
beginning jury voir dire, trial counsel indicated that appellant wished to make a statement
to the court. During the statement, which contained a litany of complaints against his trial
counsel, appellant stated one of the acts that had not been done ". . . had to do with
medical reports that can prove that someone lied. The other had to do with a medical
report that will prove the size of me having a hernia because of the nature of this case." 
To support his position, appellant directs this court to a statement by counsel wherein
appellant alleges that trial counsel confessed error. When read in context, appellant's trial
counsel agrees that appellant had sent him the requests to subpoena the medical records
but not that the records were germane, relevant or dispositive of any issue to be tried. 
Without any support in the record, we are asked to presume that the requested records
support the unsworn statement by appellant. Even the unsworn statement by appellant
does not demonstrate the relevance or necessity for the medical records. Rather, all we
have is a conclusory statement by appellant that the records are necessary. We are
further asked to assume that trial counsel had no tactical or strategic reason for not
subpoenaing the requested records. However, it is appellant's burden to show that the
failure of trial counsel to subpoena the records was deficient conduct. Strickland, 466 U.S.
at 687. Additionally, appellant has not shown that the alleged ineffective assistance by trial
counsel was of the nature as to undermine the confidence of this court in the jury's verdict.
Id. at 694. Inasmuch as we cannot presume ineffective assistance of counsel for failure
to subpoena the referenced medical records, we also cannot find counsel ineffective for
failing to request a continuance to subpoena those same medical records. 

Search Warrant


 Next, appellant contends he was denied effective assistance of counsel because
trial counsel did not attack the search warrant and did not make the search warrant and
accompanying affidavit part of the appellate record. Appellant admits that trial counsel filed
fourteen pre-trial motions but contends that counsel did not contest the validity of the
search warrant. This admission is an indicia that trial counsel had prepared his case for
trial. Further, the record indicates, through the cross-examination conducted by trial
counsel and the final arguments of counsel, that the defensive theory of the case was that
the sexual contact was consensual. The record further supports this defensive theory by
including a stipulation by appellant and his counsel wherein the results of the DNA testing
were admitted into evidence. In this situation, we cannot presume ineffectiveness absent
a showing that voluntary consent was not the defensive theory or that voluntary consent
was not a valid tactical or strategic decision. See Bone, 77 S.W.3d at 833. We defer to
the decisions of the trial counsel and will indulge in the presumption that counsel's actions
fell within the wide range of reasonable and professional assistance. Id. As the Texas
Court of Criminal Appeals noted in Thompson v. State, 9 S.W.3d 808, 813-14
(Tex.Crim.App. 1999), "[T]he reasonableness of counsel's choices often involves facts that
do not appear in the appellate record." Such is the case here; accordingly a petition for
writ of habeas corpus is the more appropriate way to explore this issue. Id. Based on the
record before us, we cannot and will not presume counsel ineffective for failing to contest
the search warrant and not including the same in the appellate record.

Failure to preserve voir dire error


 Appellant further contends that trial counsel was ineffective for his failure to take the
necessary steps to preserve error committed by the trial court in denying challenges for
cause as to three prospective jurors. To support his position, appellant correctly sets forth
the steps required to preserve error in the denial of challenges for cause. Martinez v.
State, 17 S.W.3d 677, 682 (Tex.Crim.App. 2000). Appellant concludes his argument by
stating that there can be no possible trial strategy for trial counsel's failure to take the steps
set forth in Martinez. 

 In reviewing allegations of ineffective assistance during voir dire, the Texas Court
of Criminal Appeals has consistently held that counsel should be afforded the opportunity
to explain his actions. See Goodspeed v. State, 187 S.W.3d 390, 394 (Tex.Crim.App.
2005) (counsel addressed jury panel but asked no questions and exercised two
preemptory challenges on jurors previously excused by the trial court); Jackson v. State,
877 S.W.2d 768, 771 (Tex.Crim.App. 1994) (record silent as to why prospective juror was
not challenged). Yet today, we are asked to speculate why trial counsel did not appeal the
denial of the challenges for cause. As stated earlier, any allegation of ineffective
assistance of counsel must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Bone, 77S.W.3d at 835. The record
before us does not affirmatively demonstrate trial counsel's deficient performance or that
there is a reasonable probability that the result of the proceeding would have been
different. Tong, 25 S.W.3d at 712. We decline to speculate as to counsel's reasons for
not pursuing the denial of the challenges for cause.

Cumulative effect of ineffective assistance of counsel


 Appellant next contends that the cumulative effect of the various allegations of
ineffective assistance of counsel has resulted in no assistance of counsel. Unlike the
Burdine case referenced by appellant, trial counsel was active in representation of
appellant throughout the trial of the case. Burdine v. Johnson, 262 F.3d 336, 345 (5th Cir.
2001) (counsel who slept during portions of the guilt-innocence phase of the trial is equal
to no counsel at all). The record clearly shows the attempts of counsel to represent
appellant. Appellant has failed in his burden to overcome the presumption that trial
counsel provided reasonable and professional assistance. Bone, 77 S.W.3d at 833.

 We have previously discussed the individual allegations of ineffective counsel and
appellant's failure to demonstrate trial counsel's ineffectiveness. Accordingly, we find that
appellant has failed to prove by a preponderance of the evidence that there was no
plausible professional reason for any of the complained of acts or omissions. See id. at
836. Therefore, we overrule appellant's issue on ineffective assistance of counsel.

Denial of pro se motion for continuance


 Appellant's final contention is that the trial court committed error when it denied his
oral pro se motion for continuance. Initially it is noted that motions for continuance must be
sworn to by persons having personal knowledge of the facts relied upon for the
continuance. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 1989). An unsworn oral
motion for continuance preserves nothing for review. Dewberry v. State, 4 S.W.3d 735, 755
(Tex.Crim.App. 1999). Accordingly, we overrule appellant's issue.

Conclusion


 Having overruled appellant's issues, the judgment of the trial court is affirmed.



 Mackey K. Hancock

 Justice





Do not publish. 









 
1. During the trial, appellant's counsel joined by appellant signed a stipulation of
evidence regarding the various DNA tests done on samples collected from the victim and
appellant. The stipulation included a statement that the DNA collected from the oral swab
taken from the victim matched the DNA profile of appellant. The stipulation further
provided that the penile swab taken from appellant contained DNA that matched that of the
victim. Finally, the stipulation concluded that the DNA taken from blood traces found on
appellant's hand matched the DNA of the victim.
2. Appellant also alleges that counsel was ineffective for failure to object to the
State's comment on appellant's failure to testify. Inasmuch as we have determined that
the State's argument was not a comment on the failure of appellant to testify, we need not
address appellant's contention that trial counsel was ineffective for failure to object to the
State's argument. Tex. R. App. P. 47.1