NO. 07-05-0416-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 10, 2006
_____

RICHARD JAMES ASHTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0951433D; HONORABLE ROBERT K. GILL, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Richard James Ashton, appeals his conviction for aggravated sexual assault with a deadly weapon and his punishment, enhanced by a prior felony conviction, of confinement for life in the Institutional Division of the Texas Department of Criminal Justice.  Appellant contends in eighteen issues that the trial court committed reversible error.  We affirm.

Factual Background

In October 2004, appellant forced his way into her apartment when the victim answered the door. Appellant assaulted the victim and pushed her into the bathroom where he forced her to perform oral sex on him. Throughout the assault, appellant was highly agitated at the victim because he could not maintain an erection. Appellant alternatively held sharp objects, later identified as a pencil and the jagged end of a broken glass pipe, against her throat. During the entire period, appellant threatened the victim culminating with a threat to kill her. At the conclusion of the assault, appellant simply got up, put his clothes on, and walked out of the victim's apartment. The victim called 911 and two police units were dispatched from a nearby parking lot. Appellant was stopped leaving the apartment complex and was arrested at the scene. The victim was taken to the hospital where rape samples were taken. While appellant was incarcerated, samples of hair, saliva and blood were taken from him pursuant to a search warrant. DNA testing on the evidence recovered from the victim and the victim's apartment proved positive for appellant's DNA. Additionally, DNA testing from blood on appellant's penis and hand tested positive for the victim's DNA. During the trial, appellant's trial strategy appeared to be that the sexual encounter was consensual and that there were no threats against the victim nor was she held against her will.

Appellant contends through eighteen issues, that:

1) The State committed error by commenting on the failure of appellant to testify;
2) Trial counsel was ineffective; and

2

3) The trial court erred in its refusal to grant a *pro se* motion for continuance.

State's comment on appellant's failure to testify

We begin by addressing the contention that the State commented during closing arguments on appellant's failure testify. Appellant contends that when the State made the following comment during the closing argument before the jury, the State was commenting on the failure of the appellant to testify:

> This is a deadly weapon used in the course of the same criminal episode, which lasted from the time that he seized her, took her freedom away until the time he releases her when he leaves her apartment. It can happen anytime in between. If he uses or shows this, and he did. He did. **That's undisputed.** Same with the DNA. Same with his DNA. **Undisputed evidence, uncontroverted.** (Emphasis as provided in appellant's brief)

It is beyond dispute that a defendant in a criminal case has the right to remain silent and that the State may not comment on the failure of a defendant to testify. U.S. CONST. amend. V; TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005); Griffin v. California, 380 U.S. 609, 611-12, 85 S.Ct. 1229, 14 L.Ed.2d 105 (1965); Wead v. State, 129 S.W.3d 126, 128 (Tex.Crim.App. 2004). In order to violate appellant's constitutional and statutory rights, the objectionable comment, viewed from the jury's perspective, must be manifestly intended to be or of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify. Fuentes v. State, 991 S.W.2d 267, 275 (Tex.Crim.App. 1999). Indirect or implied allusions to the accused's failure to testify does not violate appellant's right to remain silent. Id. Furthermore, simply calling attention to the absence of evidence which only the defendant could produce will result in reversal only

3

if the comment can only be construed to refer to appellant's failure to testify and not the failure of appellant to produce other evidence. Id. The facts, circumstances of the case, and the context of the jury argument in question must be analyzed on a case-by-case basis to test whether the character of the language was such that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. See Dickinson v. State, 685 S.W.2d 320, 323 (Tex.Crim.App. 1984).

In analyzing the first part of the argument made by the State, "If he uses or shows this, and he did. He did. **That's undisputed**" it is apparent that, rather than referring to the failure of appellant to testify, the statement is a reaffirmation of the State's position that the evidence before the jury clearly shows that a deadly weapon was used during the commission of the aggravated sexual assault. The State's argument that use of a deadly weapon was undisputed does not directly allude to appellant's right not to testify. See Fuentes, 991 S.W.2d at 275. Appellant can and did attack the State's allegation of the use of a deadly weapon by contending that the injuries were inconsistent with the use of force, without appellant being required to testify. It cannot be said that the statement by the State was manifestly intended to be or that it was of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify. Id. In addition, the comments of the State about the DNA being undisputed are born out in the stipulation signed by appellant.[1] This argument can not be said to have been manifestly

---

[1] During the trial, appellant's counsel joined by appellant signed a stipulation of evidence regarding the various DNA tests done on samples collected from the victim and appellant. The stipulation included a statement that the DNA collected from the oral swab taken from the victim matched the DNA profile of appellant. The stipulation further provided that the penile swab taken from appellant contained DNA that matched that of the

4

intended to necessarily or naturally be taken as a comment on the appellant's failure to testify. Id. Accordingly, appellant's issue on the State commenting on appellant's failure to testify is overruled.

## Ineffective assistance of counsel

Next, appellant contends that his trial counsel was ineffective in ten issues covering four general areas of the trial.[2] Appellant alleges counsel was ineffective because counsel failed to: 1) request a continuance; 2) object to evidence seized pursuant to a search warrant; 3) preserve voir dire error; and, 4) effectively represent him by, what appellant styles as ineffective assistance, cumulative effect.

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting Strickland as applicable standard under Texas Constitution).

Under the first prong of the Strickland test, an appellant must show that counsel's performance was deficient. Strickland, 466 U.S. at 687. "This requires showing that

_____

victim. Finally, the stipulation concluded that the DNA taken from blood traces found on appellant's hand matched the DNA of the victim.

[2] Appellant also alleges that counsel was ineffective for failure to object to the State's comment on appellant's failure to testify. Inasmuch as we have determined that the State's argument was not a comment on the failure of appellant to testify, we need not address appellant's contention that trial counsel was ineffective for failure to object to the State's argument. TEX. R. APP. P. 47.1

5

counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. Id. at 687. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). Appellate review of counsel's representation is highly deferential and presumes counsel's actions fell within the wide range of reasonableness and professional assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).

Any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Id. at 835. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Strickland, 466 U.S. at 700. Appellate courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. Ex parte Nailor, 149 S.W.3d 125, 130 (Tex.Crim.App. 2004).

Normally the record on direct appeal is not sufficiently developed to show that trial counsel's representation was so deficient and so lacking in tactical or strategic decision

6

making as to overcome the presumption of reasonableness and professional assistance. See Bone, 77 S.W.3d at 833. A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective assistance claims. Id. Having set out the standard of review with respect to claims of ineffective assistance of counsel, we now review each of appellant's issues.

Failure to request a continuance and subpoena medical records

Appellant contends that trial counsel's failure to request a continuance to subpoena medical records is an act of ineffective assistance of counsel warranting reversal. Prior to beginning jury voir dire, trial counsel indicated that appellant wished to make a statement to the court. During the statement, which contained a litany of complaints against his trial counsel, appellant stated one of the acts that had not been done ". . . had to do with medical reports that can prove that someone lied. The other had to do with a medical report that will prove the size of me having a hernia because of the nature of this case." To support his position, appellant directs this court to a statement by counsel wherein appellant alleges that trial counsel confessed error. When read in context, appellant's trial counsel agrees that appellant had sent him the requests to subpoena the medical records but not that the records were germane, relevant or dispositive of any issue to be tried. Without any support in the record, we are asked to presume that the requested records support the unsworn statement by appellant. Even the unsworn statement by appellant does not demonstrate the relevance or necessity for the medical records. Rather, all we have is a conclusory statement by appellant that the records are necessary. We are further asked to assume that trial counsel had no tactical or strategic reason for not

7

subpoenaing the requested records. However, it is appellant's burden to show that the failure of trial counsel to subpoena the records was deficient conduct. Strickland, 466 U.S. at 687. Additionally, appellant has not shown that the alleged ineffective assistance by trial counsel was of the nature as to undermine the confidence of this court in the jury's verdict. Id. at 694. Inasmuch as we cannot presume ineffective assistance of counsel for failure to subpoena the referenced medical records, we also cannot find counsel ineffective for failing to request a continuance to subpoena those same medical records.

Search Warrant

Next, appellant contends he was denied effective assistance of counsel because trial counsel did not attack the search warrant and did not make the search warrant and accompanying affidavit part of the appellate record. Appellant admits that trial counsel filed fourteen pre-trial motions but contends that counsel did not contest the validity of the search warrant. This admission is an indicia that trial counsel had prepared his case for trial. Further, the record indicates, through the cross-examination conducted by trial counsel and the final arguments of counsel, that the defensive theory of the case was that the sexual contact was consensual. The record further supports this defensive theory by including a stipulation by appellant and his counsel wherein the results of the DNA testing were admitted into evidence. In this situation, we cannot presume ineffectiveness absent a showing that voluntary consent was not the defensive theory or that voluntary consent was not a valid tactical or strategic decision. See Bone, 77 S.W.3d at 833. We defer to the decisions of the trial counsel and will indulge in the presumption that counsel's actions fell within the wide range of reasonable and professional assistance. Id. As the Texas

8

Court of Criminal Appeals noted in Thompson v. State, 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999), "[T]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record." Such is the case here; accordingly a petition for writ of habeas corpus is the more appropriate way to explore this issue. Id. Based on the record before us, we cannot and will not presume counsel ineffective for failing to contest the search warrant and not including the same in the appellate record.

Failure to preserve voir dire error

Appellant further contends that trial counsel was ineffective for his failure to take the necessary steps to preserve error committed by the trial court in denying challenges for cause as to three prospective jurors. To support his position, appellant correctly sets forth the steps required to preserve error in the denial of challenges for cause. Martinez v. State, 17 S.W.3d 677, 682 (Tex.Crim.App. 2000). Appellant concludes his argument by stating that there can be no possible trial strategy for trial counsel's failure to take the steps set forth in Martinez.

In reviewing allegations of ineffective assistance during voir dire, the Texas Court of Criminal Appeals has consistently held that counsel should be afforded the opportunity to explain his actions. See Goodspeed v. State, 187 S.W.3d 390, 394 (Tex.Crim.App. 2005) (counsel addressed jury panel but asked no questions and exercised two preemptory challenges on jurors previously excused by the trial court); Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994) (record silent as to why prospective juror was not challenged). Yet today, we are asked to speculate why trial counsel did not appeal the

9

denial of the challenges for cause. As stated earlier, any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Bone, 77 S.W.3d at 835. The record before us does not affirmatively demonstrate trial counsel's deficient performance or that there is a reasonable probability that the result of the proceeding would have been different. Tong, 25 S.W.3d at 712. We decline to speculate as to counsel's reasons for not pursuing the denial of the challenges for cause.

Cumulative effect of ineffective assistance of counsel

Appellant next contends that the cumulative effect of the various allegations of ineffective assistance of counsel has resulted in no assistance of counsel. Unlike the Burdine case referenced by appellant, trial counsel was active in representation of appellant throughout the trial of the case. Burdine v. Johnson, 262 F.3d 336, 345 (5th Cir. 2001) (counsel who slept during portions of the guilt-innocence phase of the trial is equal to no counsel at all). The record clearly shows the attempts of counsel to represent appellant. Appellant has failed in his burden to overcome the presumption that trial counsel provided reasonable and professional assistance. Bone, 77 S.W.3d at 833.

We have previously discussed the individual allegations of ineffective counsel and appellant's failure to demonstrate trial counsel's ineffectiveness. Accordingly, we find that appellant has failed to prove by a preponderance of the evidence that there was no plausible professional reason for any of the complained of acts or omissions. See id. at 836. Therefore, we overrule appellant's issue on ineffective assistance of counsel.

10

Denial of *pro se* motion for continuance

Appellant's final contention is that the trial court committed error when it denied his oral *pro se* motion for continuance. Initially it is noted that motions for continuance must be sworn to by persons having personal knowledge of the facts relied upon for the continuance. TEX. CODE CRIM. PROC. ANN. art. 29.08 (Vernon 1989). An unsworn oral motion for continuance preserves nothing for review. Dewberry v. State, 4 S.W.3d 735, 755 (Tex.Crim.App. 1999). Accordingly, we overrule appellant's issue.

Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.